### BLACKMER v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 224.

Circuit Court of Appeals, Second Circuit.

April 2, 1934.

Kurz & Kurz, of New York City (Meyer Kurz and Charles H. Tuttle, both of New York City, of counsel), for petitioner.

Sewall Key and Francis H. Horan, Sp. Assts. to Atty. Gen., for respondent.

Paul N. Turner, of New York City, for Actors' Equity Ass'n, amicus curiæ.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Petitioner, an actor, deducted from his income tax in his report for the year 1927, a sum expended for entertainment and publicity expenses amounting to $1,687.10, which was disallowed by the respondent, and a deficiency of $50.61 was assessed. The Board of Tax Appeals affirmed this determination.

The question presented is whether the expenses incurred have been proved, and wheth-

er they were ordinary and necessary in the profession of the taxpayer and as such are deductible. Section 214 (a) of the Revenue Act of 1926, 44 Stat. 9, 26 (26 USCA § 955 (a).

During 1927, the taxpayer was under theatrical management, in New York City and elsewhere, for thirty-nine weeks. He was paid a salary and, in one case, a percentage of the gross receipts. His gross income was $23,078.17. Deductions were allowed for ordinary and necessary expenses, incurred and paid in carrying on his calling, by the Commissioner, in the sum of $10,898. The additional sum, sought to be deducted, was expenses incurred as the cost of complimentary theater tickets, luncheons, suppers, and entertainments given by the taxpayer. He gave such luncheons, dinners, and suppers to invited guests, including newspaper men, playwrights, photographers, voice teachers, dramatists, backers of plays, actresses and actors, agents and directors, school chums, fliers, pugilists, army and navy men, hotel managers, once to a foreign princess, who, before her marriage, was an American authoress, to a senator and members of his family. At such functions he employed caterers, musicians, singers, and entertainers. The complimentary theater tickets which he gave for first night performances and others during the year, he testified, were given for publicity purposes. There were sixteen items in all, making the total asked to be deducted, and all were expended during the year 1927. It is agreed that entertainment expenses of the character described are generally incurred and paid for by stars and feature players in the theatrical business, and the Board of Tax Appeals found that such practice of entertaining was customary. The petitioner testified that expenses of a personal character, such as entertainment of his family and close friends, were not included in these items, nor were they charged as expenses to be deducted in his return.

He kept no memorandum or book of accounts showing any of these expenses, except bills or statements rendered to him, which often included other charges. Such checks, statements of account, and vouchers as he had were delivered by the taxpayer to his attorney, but were not introduced in evidence, and it does not appear that any question was raised as to his failure to produce them at the hearing.

There was testimony, by the taxpayer, as to the necessity of these expenditures for entertainment and theater tickets which was uncontradicted. There is no valid reason to doubt the testimony of the taxpayer. He gives the names of his guests at the various entertainments and the places where the entertainments and dinners were held. He stated that he entertained the managers, authors, agents, directors, critics, and press people for business purposes, and we think the necessity for entertainment has been shown.

In Welsh v. Helvering, 290 U. S. 111, 54 S. Ct. 8, 9, 78 L. Ed. 212 (decided November 6, 1933), in referring to the terms "the ordinary and necessary expenses," the Supreme Court said: "Unless we can say from facts within our knowledge that these are ordinary and necessary expenses according to the ways of conduct and the forms of speech prevailing in the business world, the tax must be confirmed."

As the word "necessary" is used here, we think it means "appropriate" and "helpful." Expenses incurred in the defense of a criminal charge growing out of the business of the taxpayer are "ordinary" expenses. Commissioner v. People's-Pittsburgh Trust Co., 60 F.(2d) 187 (C. C. A. 3). Contributions to a civic improvement fund by the corporation employing half of the wage-earning population of the city were regarded as "ordinary" expenses [American Rolling Mill Co. v. Comm'r., 41 F.(2d) 314 (C. C. A. 6)]; similarly, donations to a hospital by a corporation whose employees with their dependants made up two-thirds of the population of the city [Corning Glass Works v. Lucas, 59 App. D. C. 168, 37 F.(2d) 798, 68 A. L. R. 736] and payments of debts discharged by compromise agreement but said to be revived by force of a new promise [A. Harris & Co. v. Lucas, 48 F.(2d) 187 (C. C. A. 5)]. On the other hand, payments made by the taxpayer for the repair of fire damage was regarded as a capital investment [Hubinger v. Comm'r., 36 F.(2d) 724 (C. C. A. 2)]. Counsel fees incurred by the president of a corporation in prosecuting a slander suit to protect his reputation and that of his business were held not to be an ordinary expense. Lloyd v. Comm'r., 55 F.(2d) 842 (C. C. A. 7). A corporation's payments to stockholders in settlement of disputes between them were held not to be ordinary. One Hundred Five West Fifty-Fifth St., Inc., v. Comm'r., 42 F.(2d) 849 (C. C. A. 2).

In the instant case, the petitioner in his testimony named the persons, places, and events and stated in each instance the benefit he expected to obtain in a business way from entertaining the persons mentioned. The tes-

timony made clear that the purpose of the entertainment was to enhance his reputation as an actor and to secure theatrical engagements more easily. His entertainment was reasonably connected with his profession. It tended to promote his popularity and thereby to increase his income from that business. The expenses were therefore ordinary and necessary expenses. Although the sums were substantial, the Board should not have refused the deduction. It is said that the amount was not established with absolute certainty. But the deduction should have been allowed, since it appears in the record that the amount claimed was reasonable under all the circumstances. Not only was all of it expended for business purposes, but, as the taxpayer testified, even a larger sum was. Cohan v. Comm'r., 39 F.(2d) 540 (C. C. A. 2). When the evidence before the Board, as the trier of the facts, ought to be convincing, it may not say that it is not. Sioux City Stockyard Co. v. Comm'r., 59 F.(2d) 944 (C. C. A. 8); Conrad & Co. v. Comm'r., 50 F.(2d) 576 (C. C. A. 1); Chicago Ry. Equipment Co. v. Blair, 20 F.(2d) 10 (C. C. A. 7). And the Board may not arbitrarily discredit the testimony of an unimpeached taxpayer so far as he testifies to facts. A disregard of such testimony is sufficient for our holding that the taxpayer has sustained the burden of establishing his right to a reduction and error has been committed in a contrary ruling. Boggs & Buhl v. Comm'r., 34 F.(2d) 859 (C. C. A. 3).

The amounts here sought to be deducted as ordinary and necessary expenses should have been allowed in the calculation of the petitioner's tax.

Order reversed.