Charles V. WILSON, Plaintiff,

v.

Marion B. FOLSOM, as Secretary of the Department of Health, Education, and Welfare of the United States of America, Defendants.

Civ. No. 3409.

United States District Court
D. North Dakota,
Southeastern Division.

May 15, 1957.

Lee F. Brooks, Fargo, N. D., for plaintiff.

Ralph B. Maxwell, Asst. U. S. Atty., Fargo, N. D., for defendants.

DAVIES, District Judge.

This is an action by Charles V. Wilson, a Fargo resident now 70 years of age, against Marion B. Folsom as Secretary of the Department of Health, Education and Welfare, to review an administrative determination disallowing Old Age Insurance Benefits under the Social Security Act, 42 U.S.C.A. § 401 et seq.

The controversy centers about an interpretation of the facts regarding sale of the plaintiff's general insurance agency to his son George on June 1, 1954. Prior thereto the plaintiff had been hoping to retire upon transfer of the agency

to another son, but when that son returned to active military service the plaintiff decided to turn the business over to George, a permanently disabled veteran. His stated purposes in making the sale were (1) to retire, (2) to provide a suitable occupation for the disabled George, and (3) to qualify for Social Security Benefits. (See tr. 21.) Under terms of the sale George, who had previously been on the agency payroll as an employee at $200 a month, was required to pay the plaintiff $12,000 in $100 monthly installments at no interest until fully paid; and before final payment George could not sell the business without consent from the plaintiff. In addition George was required to pay the plaintiff $75 per month so long as services were rendered by the plaintiff (or his wife should he die) as part-time consultant and assistant in operation of the agency.

In their income tax returns the plaintiff and his son treated the sale as having been made in June, 1954. But until January, 1955, the plaintiff continued to have authority to draw on the agency's accounts at the bank, and he did not until then notify the insurance companies represented that the agency had been sold to his son.

At a hearing before referee Earl D. Mora on December 14, 1955, the plaintiff explained that he had not made these changes because he first wanted to get Social Security approval of the new arrangement. The plaintiff, who was sole witness at the hearing, appeared without counsel and testified under oath in response to questions propounded by Mora. On June 29, 1956, Mora rendered a written decision as referee, determining that the plaintiff was not entitled to Old Age Benefits. As the bases of his decision, the referee made these findings (Tr. 19):

(1) The plaintiff did not make a good faith sale of his business and still was engaged in self-employment.

(2) The plaintiff had net earnings from self-employment exceeding allowable limits.

(3) The plaintiff has continued to render substantial services in the business. The referee stated (Tr. 20) "that the alleged sale of the claimant's business to his son and the alleged employment of the claimant (Charles V. Wilson) by his son are a mere paper reallocation of income entered into solely for the purpose of trying to make it appear that the claimant is no longer carrying on the business and that his 'wages' are not such as to make his benefits subject to deduction." Mr. Mora also stated (Tr. 21): "The referee believes that the claimant has been honest, but honesty is not quite the same as good faith. From all of the facts of the case the referee is of the opinion that the claimant has not really and truly divested himself of his interest in the business and in good faith become only an employee for wages of $75.00 a month."

As a result the benefits, which the plaintiff would otherwise have been entitled to at the rate of $72.60 a month, were held subject to equal deductions for each of the months of 1954 and 1955. Following denial by the Appeals Council of his request for review of the referee's decision, the plaintiff filed his complaint for judicial review on November 7, 1956. The answer of the defendant contended that the court had no jurisdiction to require payment of any benefits to the plaintiff, and that the plaintiff failed to state a claim upon which relief could be granted. On March 19, 1957, the defendant filed a motion for summary judgment under Rule 56(b) and (c), Fed. Rules Civ.Proc., 28 U.S.C.A., on the ground that by 42 U.S.C.A. § 405(g), the findings and decision of the referee, as included in the certified transcript of the record, which was attached to and made part of the answer, show that the defendant is entitled to judgment as a matter of law.

42 U.S.C.A. § 405(g), dealing with "Review," provides in part as follows:

"Any individual, after any final decision of the Administrator made after a hearing to which he was a party, irrespective of the amount

in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Administrator may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business * * *. As part of its answer the Administrator shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Administrator, with or without remanding the cause for a rehearing. *The findings of the Administrator as to any fact, if supported by substantial evidence, shall be conclusive * * *.*" (Emphasis added.)

██ The motion raises the issue whether the findings of an administrative agency referee who acts as both advocate and judge at an adjudicative hearing, based upon the discrediting (without contradiction) of all substantial evidence, are of such legally conclusive effect as to eliminate all issues of material fact and entitle the agency on motion to judgment as a matter of law.

██ It is the opinion of this Court that the findings cannot be given such conclusive effect, unless the right of review is to be destroyed entirely, and that necessarily a trial before an impartial tribunal must be had to ascertain whether these findings are based upon substantial evidence. Unimpeached evidence of the plaintiff as to facts may not arbitrarily be discredited and disregarded by the referee. Cf. Blackmer v. Commissioner of Internal Revenue, 2 Cir., 1934, 70 F.2d 255, 92 A.L.R. 982. Although the referee's findings are en-

titled to great weight, they are not conclusive unless properly supported by evidence. Cf. Social Security Board v. Nierotko, 1946, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718, 162 A.L.R. 1445. Of course, if the referee's inferences and conclusions were based upon substantial evidence, his findings would be binding on the court even though the court might make contrary inferences from the same evidence. Livingstone v. Folsom, 3 Cir., 1956, 234 F.2d 75. The court cannot substitute its own inferences for those of the referee. Ferenz v. Folsom, 3 Cir., 1956, 237 F.2d 46. On review the court would be bound by the referee's findings if grounded on adequate evidence produced at a fair hearing. Social Security Board v. Warren, 8 Cir., 1944, 142 F.2d 974.

One essential of fairness at an administrative hearing would seem to be a separation of the functions of advocate and judge, as required by the Administrative Procedure Act. 5 U.S.C.A. § 1004(c) (third sentence): "No officer, employee, or agent engaged in the performance of investigative or prosecuting functions for any agency in any case shall, in that or a factually related case, participate or advise in the decision, recommended decision, or agency review pursuant to section 1007 of this title except as witness or counsel in public proceedings." See Pinkett v. United States, D.C.Md.1952, 105 F.Supp. 67, 72; Willapoint Oysters v. Ewing, 9 Cir., 1949, 174 F.2d 676, 677, 692–694 (involving Federal Security Administrator, predecessor of the Secretary of Health, Education, and Welfare).

The instant case involves genuine issues of material fact which deserve judicial consideration. The plaintiff, Charles V. Wilson, has in all things disclosed his purposes in making the transfer to his son, George, and the means employed to accomplish those purposes. He has tried to comply with all Social Security requirements. It is not dishonest or unlawful for an elderly man to go into partial retirement in order to qualify for Social Security benefits.

The referee, while conceding the honesty of the plaintiff, has chosen not to believe him and instead regarded the transaction as spurious and not made in good faith. It cannot be said conclusively from a reading of the transcript that the referee (in his conflicting capacities as judge and advocate) was free from prejudice and that he determined the facts fairly. It cannot be said conclusively that the findings of fact are supported by substantial evidence. Rather the findings seem to be contrary to the evidence. Therefore, a proper judicial examination by trial of the issues investigated by the referee is necessary either to vindicate or to vacate the decision of the referee.

The defendants' motion for summary judgment will be denied.

It is so ordered.