Lillian WIENER, Plaintiff,

v.

Marion B. FOLSOM, as Secretary of the Department of Health, Education and Welfare of the United States of America, Defendant.

Civ. A. No. 883.

United States District Court
D. New Jersey.

July 16, 1957.

**22**

———◆———

Louis Kraemer, New York City, for plaintiff.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J., for defendant.

MODARELLI, District Judge.

This matter is before the court on a motion for summary judgment brought by the defendant in a suit to review a "final decision" of the Secretary of the Department of Health, Education and Welfare apropos certain benefits claimed under the Social Security Act, 42 U.S.C.A. § 405(g).

Plaintiff is the claimant-widow of the wage earner, Samuel E. Wiener, whose death on September 28, 1946, gave rise to her eligibility for benefits under the Social Security Act, hereinafter referred to as "the Act." As will appear presently, the chronology of events in processing the widow's claim becomes of controlling significance in the resolution of the issues presented in this appeal.

Plaintiff, a resident of Newark, New Jersey, made application on October 31, 1946, to the District Office of the Bureau of Old-Age and Survivors Insurance of the Social Security Administration. She informed the clerk that her date of birth was "9–18–88" and that the date of marriage to deceased husband was "12–31–06." This and other requested data was admittedly not in claimant's handwriting, although she swore or affirmed its accuracy in the act of subscribing the application.

It is necessary at this point to digress for the purpose of setting forth the statutory benefits which the Act confers. One provision of the Act entitles the widow of a wage earner or self-employed person to claim a widow's monthly insurance benefit, § 202(e) (1), 42 U.S. C.A. § 402(e) (1),[1] while another provision provides for a lump-sum death payment, § 202(i), 42 U.S.C.A. § 402(i).[2]

1. Section 202(e) (1) of the Social Security Act, 49 Stat. 622 et seq. § 402(e) (1) provides in part:
  "The widow (as defined in section 416 (c) of this title) of an individual who died a fully insured individual after 1939, if such widow—
  \*   \*   \*   \*   \*
  "(D) was living with such individual at the time of his death, \* \* \* shall be entitled to a widow's insurance benefit for each month \* \* \*."

2. Section 202(i) of the Act, 42 U.S.C.A. § 402(i) provides in part:
  "Upon the death, after August 1950, of an individual who died a fully or currently insured individual, an amount equal to three times such individual's primary insurance amount shall be paid in a lump sum to the person, if any, determined by the Administrator to be the widow or widower of the deceased and to have been living with the deceased at the time of death \* \* \*."

Eligibility for the monthly insurance benefit demands satisfactory proof of age (65 or older) and record of marriage to the deceased wage earner. No such specific prerequisites are imposed for eligibility under the lump-sum death payment.[3]

Reverting to the application before the Board in October, 1946, on the basis of the information submitted therein, it was apparent that the applicant was not eligible for the monthly insurance benefit because she failed to meet the age requirement. Accordingly, a "Determination of Award" was entered November 6, 1946, that a lump-sum death payment in the sum of $148.92 be granted the plaintiff. The Social Security Office maintained a detailed diary of each and every action taken with respect to the plaintiff's claim.[4] This diary reveals that for the remainder of 1946 and the early part of 1947, the plaintiff merely questioned the amount of wages used to calculate the lump-sum payment. On March 19, 1947, her file was closed.

Six years subsequent thereto, namely on November 16, 1953, the Board informed plaintiff that she should file for the monthly widows' benefits. The widow executed application for said benefits, again designating her date of birth September 18, 1888, and supporting the application with a certificate of marriage which disclosed the date of marriage as January 7, 1898, under the maiden name of Lena Greenberg. The complications which these documents introduced into the claim resulted in a denial of benefits. In the interests of condensing this recital of events, suffice to note here that the Bureau reconsidered plaintiff's claim and entered an award on October 6, 1955, retroactive to July, 1953. Plaintiff took issue with the award, contending that the retroactivity should have extended to the date of her initial application in October, 1946. The outcome of a hearing before Referee Edgar H. Buttle in the spring of 1956, was a ruling favorable to the plaintiff. The Appeals Council of the Department of Health, Education and Welfare decided to review the decision of the Referee on its own motion. Plaintiff attended this hearing and participated with the aid of counsel. On September 14, 1956, the Appeals Council reversed the decision of the Referee and restored the original determination of the Bureau. The plaintiff then filed this appeal pursuant to 42 U.S. C.A. § 405(g).

The central issue of this appeal is whether or not the District Office of the Social Security Board made a determination as to plaintiff's right to monthly insurance payments when her original application was submitted in 1946. If such a determination had been made, the operative effect of the statute would have accorded it a finality to be disturbed only on narrowly-prescribed grounds. The provisions governing the finality of administrative determinations and specifying the limitations upon the reopening and revising of determinations are contained in the regulations of the Social Security Administration at Subpart G of Regulations No. 3, Title 20, Code of Federal Regulations, Part 403, et seq.[5]

---

Both sections are designated by amended numberings. Heretofore, in 1946, the sections had been designated 42 U.S.C.A. § 402(d) and § 402(g), respectively.

3. 20 C.F.R. § 403.702(j) (k).

4. Exhibit 14, Transcript, pp. 120–123.

5. 20 C.F.R., Part 404, § 404.901.
  "(1) Finality of Determinations and Decisions.—An initial determination of the Bureau, including an informal disallowance of a request for benefits or a lump sum, (or a decision of a referee or of the Appeals Council) shall be final and binding upon the parties thereto except that such determination, disallowance or decision may be reopened:
  "(a) Within six month from the date of the notice to the party to the initial determination (§ 403.706(b)) or informal disallowance, of such determination or disallowance, or
  "(b) After such 6-month period, but within four years after the date of the notice to the party to the initial determination (§ 403.706(b)) or informal disallowance of such determination or disallowance, upon the finding of good cause for reopening such determination, disallowance, or decision, or

The Appeals Council held that under these rules the four-year period during which the Bureau's determination of non-entitlement to widow's benefits, based on the plaintiff's application of October 31, 1946, could have been revised, expired not later than November 8, 1950.

After studying the voluminous transcript and file, the contents of which were compiled over several years, I am constrained to conclude that a determination had been made as to plaintiff's age and eligibility for monthly insurance benefits in 1946. This conclusion follows from the fact that since the applicant was not entitled to both death payment and insurance payments, perforce a decision was necessary to ascertain her eligibility. The granting of one benefit under the Act necessarily precluded allowance of the other. The force of this reasoning is not affected by the fact that the 1946 determination was, more than four years later, disclosed to have been incorrect.

The Referee appeared to be impressed with plaintiff's assertions that she made repeated efforts to establish her correct age before the Bureau throughout 1947. There is absolutely no corroborating evidence of this assertion in the record. Moreover, there was no reason for her to adduce such proof during that time due to the fact that upon application for a lump-sum payment, the widow's mere statement that she is the widow of the deceased wage earner was sufficient to support an award. In summary, it is found that the decision of the Appeals Council was supported by substantial evidence and represents a proper interpretation and application of the statute.

The jurisdiction of the District Court and the scope of its review of administrative findings, such as were made in this case, have been passed upon by our Court of Appeals.[6] While the Court of Appeals in O'Leary v. Social Security Board, 3 Cir., 1946, 153 F.2d 704, 705, reserved "for future consideration" its ruling on the conclusiveness of the Board's findings, a decade later found the court enunciating a clear policy on the subject. In Livingstone v. Folsom, 3 Cir., 1956, 234 F.2d 75, 77, it was declared that the inferences drawn by the Secretary, based on substantial evidence, were binding upon a district court. Accord, Ferenz v. Folsom, 3 Cir., 1956, 237 F.2d 46, 49. The policy there announced finds support in numerous decisions rendered by courts of appeal throughout the country, all of which appear to stem from Walker v. Altmeyer, 2 Cir., 1943, 137 F.2d 531. See also Social Security Board v. Warren, 8 Cir., 1944, 142 F.2d 974; United States v. La-Lone, 9 Cir., 1945, 152 F.2d 43; Thompson v. Social Security Board, 1946, 81 U.S.App.D.C. 27, 154 F.2d 204; Rosewall v. Folsom, 7 Cir., 1957, 239 F.2d 724.

Applying the guides which these decisions have provided, it is con-

"(c) At any time when it appears that
"(i) Such initial determination, disallowance or decision was procured by fraud or similar fault of the claimant or some other person; or
"(ii) An adverse claim has been filed against the same wage earner's account; or
"(iii) An individual previously determined to be dead is found to be alive; or
"(iv) The Railroad Retirement Board pursuant to the Railroad Retirement Act, has awarded duplicate benefits on the same wage account."

6. Section 205(g) of the Act, 42 U.S.C.A. § 405(g) provides:

" * * * The findings of the Administrator as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Administrator or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Administrator, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations * * *."

cluded that there was a "reasonable basis in law" for the decision of the Appeals Council, and "warrant in the record" for it. Accordingly, the motion for summary judgment is hereby granted.

The foregoing opinion shall constitute findings of fact and conclusions of law, as required by Rule 52, Fed.Rules Civ. Proc., 28 U.S.C.

An order may be submitted in conformity with the opinion herein expressed.