Stella J. FRONIMOS

v.

Abraham RIBICOFF, Secretary of Health, Education and Welfare.

Civ. A. No. 12974.

United States District Court
D. Maryland.

March 2, 1962.

George M. Sherwood, Baltimore, Md., for plaintiff.

Joseph D. Tydings, U. S. Atty., and Carl J. Lorenz, Asst. U. S. Atty., Dist. of Maryland, Baltimore, Md., for the United States.

R. DORSEY WATKINS, District Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare.

This final decision was rendered on June 20, 1960, by a Hearing Examiner; the Appeals Counsel having denied plaintiff's request for review. This final decision holds that the record is bare of such information upon which a conclusion can be made that the claimant has attained retirement age.

The court reviewed the entire file bearing in mind the quite limited scope of review. If the decision is supported by substantial evidence, the court is required to affirm it. It may not itself reconstruct the record; it may not take portions from it and try to build up a different case; it is simply a question of whether or not the conclusion reached is supported by the record.

The court feels that unquestionably the record does support the conclusion reached by the Hearing Examiner, which became the final decision of the Secretary. The court feels it unnecessary to review in any detail the findings which are set forth quite clearly in the Hearing Examiner's report. The best that can be said is that there is an irreconcilable conflict as to the date of birth of the applicant. Various dates were given. There is no concurrence on any two. The regulations indicate the weight to be given to evidence offered to prove age, and enumerate some 17 indicia. There is no satisfactory public record of birth. There is no church record of birth or baptism. There is no hospital birth record or certificate. There is a record under the 9th position, Immigration Records, which would fix the applicant's date of birth at a time which would not qualify her even now to receive benefits; even under that she would not be 62 years of age at the present time.

In addition to the specific record, there is a lack of other potentially available information. The records indicate that the plaintiff obtained a divorce; presumably the divorce papers which were prepared ante litem motam, at least so far as this suit is concerned, would have contained statements with respect to the age or, perhaps, specifically, the date of birth of the plaintiff. Information with respect to such records has not been supplied.

The court, therefore, feels constrained not merely because of the statutory limitation upon the scope of review, but even if it were entitled to take a broader view of the record, would be constrained to affirm the final decision of the Secretary, that on the information available to the Secretary, the plaintiff had failed to establish her age, and, therefore, had failed to prove her qualification for the receipt of benefits.

An order will be entered affirming the decision.