Juan Correa **TORRES**, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,**
Defendant.

Civ. No. 617–70.

United States District Court,
D. Puerto Rico.

Oct. 15, 1971.

---

Flor de Maria Claudio de Vazquez, San Juan, P. R., for plaintiff.

Wally de la Rosa, Asst. U. S. Atty., San Juan, P. R., for defendant.

## MEMORANDUM AND ORDER

CANCIO, Chief Judge.

This is an action by the plaintiff against the Secretary of Health, Education and Welfare brought under section 205(g) of the Social Security Act, 42 U. S.C.A. section 405(g), to review the final decision of the Secretary denying plaintiff's application for old age retirement insurance benefits under section 202(a) of the Social Security Act, 42 U. S.C.A. section 402(a).

Plaintiff asks the court to decide whether, from the record as a whole, the decision of the Secretary, that plaintiff is not entitled to retirement insurance benefits is supported by substantial evidence.

The statutory provisions applicable to the present case are sections 202(a) and 205(a) of the Social Security Act which state as follows:

Section 202(a) of the Social Security Act, 42 U.S.C. § 402(a), provides:

"(a) Every individual who—

"(1) is a fully insured individual (as defined in section 414(a)),

"(2) has attained age 62, and

"(3) has filed application for old-age insurance benefits * * *,

"shall be entitled to an old-age insurance benefit for each month, beginning with the first month after August 1950 in which such individual becomes so entitled to such insurance benefits and ending with the month preceding the month in which he dies. * * * "

Section 205(a) of the Act, 42 U.S.C. § 405(a), authorizes the Secretary to "adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder."

Section 404.703 of Regulations No. 4 of the Social Security Administration, 20 CFR 404.703, provides in pertinent part as follows:

*"Evidence as to Age.*—(a) *When required.*—An applicant for benefits under Title II of the Act shall file supporting evidence showing the date of his birth if his age is a condition of entitlement or is otherwise relevant to the payment of benefits pursuant to such Title II. * * *

"(b) *Type of evidence to be submitted.*—Where an individual is required to submit evidence of date of birth as indicated in paragraph (a) of this section, he shall submit a public record of birth or a church record of birth or baptism established or recorded before his fifth birthday, if available. Where no such document recorded or established before age 5 is available, the individual shall submit it as evidence of age another document or documents which may serve as the basis for a determination of the individual's date of birth provided such evidence is corroborated by other evidence or by information in the records of the Administration.

"(c) *Evaluation of evidence.*—Generally, the highest probative value will be accorded to a public record of birth or a church record of birth or baptism

established or recorded before age 5. Where such record is not available, and other documents are submitted as evidence of age, in determining their probative value, consideration will be given to when such other documents were established or recorded, and the circumstances attending their establishment or recordation. Among the documents which may be submitted for such purpose are: school record, census record, bible or other family record, church record of baptism or confirmation in youth or early adult life, insurance policy, marriage record, employment record, labor union record, fraternal organization record, military record, voting record, vaccination record, delayed birth certificate, birth certificate of child of applicant, physician's or midwife's record of birth, immigration record, naturalization record, or passport."

■ In order to establish entitlement to benefits plaintiff has the burden of proof that the required conditions for eligibility are met. Reyes-Robles v. Finch, 409 F.2d 84 (1 Cir. 1969); Henley v. Celebrezze, 394 F.2d 507 (3 Cir. 1968); Centeno-Rios v. Secretary, 312 F.Supp. 1330 (D.P.R.1970). In this case the burden of proof of establishing entitlement to retirement insurance benefits rests upon plaintiff.

■ The issue of when plaintiff was born is of course a factual question, with respect to which the Secretary, as trier of facts is vested with the function of evaluating the evidence, and his conclusion, if reasonable, must be affirmed under the substantial evidence rule. Act section 205(g); Weaver v. Gardner, 394 F.2d 110 (6 Cir. 1968); Finkelstein v. Secretary of HEW, 221 F.Supp. 361 (W.D.Pa.1963); Tindle v. Celebrezze, 210 F.Supp. 912 (S.D.Cal.1962); Fronimos v. Ribicoff, 208 F.Supp. 492 (D. Md.1962); Wiener v. Folsom, 153 F. Supp. 21 (D.N.J.1957).

Plaintiff has offered as proof of his age a statement from a friend, however this statement was based on recollection

of events that happened many years ago and was therefore insufficient under the regulations cited above to overcome the documentary evidence relied upon by the hearing examiner. There is no documentary evidence in the record supporting plaintiff's claim of a 1905 birth date. Under the regulations, the highest probative value is accorded to public record of birth or church records of birth or baptism established or recorded before age 5. Where such record is not available, and other documents are submitted, consideration must be given to the time at which such other documents were established or recorded, and the circumstances attending such establishment or recordation. Among the documents expressly referred to in the regulations are census records. In view of the obvious error in plaintiff's baptismal record, the hearing examiner accorded highest probative value to the January 1920 census report which indicated that plaintiff at that time was 5 years of age.

■ On this basis the hearing examiner concluded that plaintiff was born on June 4, 1914. This result, moreover, is not inconsistent with the baptismal record, at least for the purposes here under consideration. The transcriber of that record assumed the birth date of June 4, 1915. Either date would render plaintiff ineligible for benefits now. By accepting 1914 as the year of birth plaintiff will be eligible for retirement insurance benefits one year earlier than if the hearing examiner had relied on the baptismal record and the accompanying clarification. In any case, both records were contemporaneous, and the regulations express the reasonable position that contemporaneous documentary evidence should be accorded greater weight than self-serving statements or the statements of interested parties based on recollections of events that happened many years ago. Zolubak v. Gardner, C.C.H. U.I.R. Vol. Fed. Para. 14.798 (N.D.Ill.1967); Fronimos v. Ribicoff, 208 F.Supp. 492 (D.Md.1962);

Wiener v. Folsom, 153 F.Supp. 21 (D.C. N.J.1957).

■ On the basis of a thorough evaluation of all the evidence of record, the hearing examiner found that plaintiff was born on June 4, 1914, and therefore not now entitled to retirement insurance benefits. As has been held repeatedly in past cases, where the hearing examiner's determination of an applicant's date of birth has substantial support in the documentary evidence, his determination of such date is conclusive. Ginsburg v. Richardson, 436 F.2d 1146 (3 Cir. 1971); Finkelstein v. Secretary, *supra*.

■ After a full and conscientious analysis of the record, this Court comes to the conclusion that the decision of the Secretary is supported by substantial evidence.

The court will not alter a determination of the Secretary if the findings of the hearing examiner are supported by substantial evidence in the record as a whole.

It is therefore ordered that the action be and it is hereby dismissed.