**Roy M. LIVINGSTONE**

v.

**Oveta Culp HOBBY, Secretary of Health, Education and Welfare.**

**Civ. A. 16097.**

United States District Court
E. D. Pennsylvania.
April 18, 1955.

See also, 127 F.Supp. 463.

John M. Doyle, Philadelphia, Pa., for plaintiff.

W. Wilson White, U. S. Atty., Philadelphia, Pa., for defendant.

WELSH, District Judge.

█ This is an action to review and set aside the decision of defendant (acting through the referee and appeals council of the Social Security Administration) disallowing plaintiff's claim for old age insurance benefits. Defendant has filed a motion for summary judgment. However, because this case is in effect a judicial review of the decision of defendant the Court will consider the entire case as having been submitted to it for disposition.

Plaintiff, Roy M. Livingstone, was admitted to the practice of the law in 1907, and at all times pertinent to this action, January 2, 1951 to June 30, 1952, was engaged in that practice with offices at 215 South Broad Street, Philadelphia, Pennsylvania. About the year 1914 plaintiff obtained an insurance broker's license, a license that he still had at the time hereinbefore mentioned. He did nothing in the way of soliciting insurance business. Insurance was incident to his law practice, which was primarily in the real estate and corporation fields. In other words, his purpose in obtaining an insurance broker's license was to sell insurance whenever he could in the course of his law practice. In connection with his insurance business he had virtually no expenses.

In 1951 plaintiff reported a net loss from the conduct of his law practice, his expenses in the sum of $5,112.61 being in excess of his gross income of $1,253.68. For the same year he reported a net income of $1,524.95 from the conduct of his insurance business, having a gross income in that sum and no expenses. In 1952 he again reported a net loss from the conduct of his law practice, his expenses in the sum of $3,608.65 being in excess of his gross income of $2,397.96. For the first six months of 1952, i. e., up to June 30, 1952, he reported a net income of $614.45 from the conduct of his insurance business,

having a gross income in that sum and having no expenses. From July 1, 1952 to December 31, 1952 he made no commissions and consequently no income from the conduct of the insurance business.

By amendment to the Social Security Law, old age insurance benefits were extended to self-employed persons. As a result plaintiff paid the Social Security Tax based on the net income from his insurance business for the year 1951 and the first half year of 1952. (Insurance brokers were included in the class of self-employed persons and lawyers were not.) Subsequently and after plaintiff had attained the requisite age of 65 years defendant denied his claim for old age insurance benefits on the ground that he failed to earn the required $100 per quarter for six quarters or the required $400 per year and was therefore not fully insured within the meaning of the Social Security Act, as amended, 42 U.S. C.A. § 301 et seq. Defendant (through the referee and appeals council) reached this conclusion by prorating the expenses of both operations (law and insurance) according to the gross income from the law practice and the insurance business. Defendant so prorated the expenses because she deemed the law practice and insurance business a combined operation, since both were conducted from the same offices.

█ As the instant action constitutes a judicial review of the decision of defendant, to set aside said decision it is necessary to find that no substantial evidence is in the record to support or substantiate it. Support for it, we think, there would be if the evidence showed no means of determining how much of the expenses were chargeable to the conduct of the law practice and how much were chargeable to the conduct of the insurance business. However, a review of the proceedings had before the defendant discloses a very definite means, the actual expenses, or the lack of them, incurred by the plaintiff in the conduct of his insurance business. At various stages of his testimony plaintiff testified that he

**640**

had virtually no expenses in connection with his insurance business. This method of dealing with insurance companies by lawyers is very well·known to members of the bar, particularly the older members of the profession. In such circumstances, we feel the proration method adopted by the defendant ought not to be used as the basis for denying plaintiff's claim as the theory had no evidence at all to support it.

Accordingly, the decision of defendant will be set aside and the complaint of the plaintiff will be sustained and finally the motion of defendant for summary judgment will be denied.

An appropriate order will be prepared and submitted forthwith.