Roy M. **LIVINGSTONE**

v.

Marion B. **FOLSOM**, Secretary, Department of Health, Education and Welfare, Appellant.

No. 11758.

United States Court of Appeals
Third Circuit.

Argued March 19, 1956.

Decided May 25, 1956.

Rehearing Denied June 20, 1956.

McLaughlin, Circuit Judge, dissented.

**76**

John J. Cound, Washington, D. C., (Warren E. Burger, Asst. Atty. Gen., W. Wilson White, U. S. Atty., Philadelphia, Pa., Melvin Richter, John J. Cound, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellant.

John Martin, Doyle, Philadelphia, Pa., for appellee.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the Secretary of Health, Education and Welfare from a judgment of the District Court for the Eastern District of Pennsylvania setting aside his decision disallowing plaintiff's claim for old-age insurance benefits under the Social Security Act.[1] Plaintiff's claim was based on his assertion that his net earnings from his insurance business during the period January, 1951, through June, 1952, entitled him to old-age insurance benefits. This claim was denied by the Secretary because he found that plaintiff had no net income from his insurance business during that period.

Plaintiff is a lawyer. He has also been licensed as an insurance broker for many years. He does not advertise as an insurance broker, but has opportunities to sell insurance in connection with his law practice which deals largely with corporate and real estate work. He described his insurance work variously as "not a separate business * * * [but] a separate activity", "an incident in the practice of law" and "a sideline". Although he conducted his insurance business from his law office, he testified that he did not rent the office for that purpose and he claimed further that none of his business expenses were incurred in connection with this insurance work, not even telephone or secretarial expense. In 1951 plaintiff earned $1,524.95 from his insurance business, and $1,253.68 from his law practice; his total business expenses were $5,112.61. In 1952, he earned $614.45 from his insurance business (all of which was earned in the first six months), and $2,397.96 from his law practice; his total business expenses were $3,608.65. Plaintiff paid Social Security taxes during these periods on his income from the insurance business. These payments were based on his entire insurance income in accord with his contention that he had no expenses at all in connection with that activity.

Plaintiff applied for old-age benefits on July 18, 1952. He could be eligible for these benefits only if he had received a net income from his insurance business of not less than $400 in both 1951 and 1952.[2] His claim was denied by the Field Office of the Federal Security Agency on September 19, 1952, on the ground that his business expenses should have been allocated between his income from his insurance business and his income from his law practice, and that if this was done he had not earned the amount of "self-employment income" required to qualify him for benefits. Plaintiff disagreed with this determination, reiterating his contention that he had no expenses in connection with his insurance business. Pursuant to his request, a hearing before a referee was held on May 8, 1953, at which plaintiff repeated his contention, claiming that he could not see any other basis on which the expenses could be charged. On May 28, 1953, the referee found that "it does not appear reasonable * * * to charge all the business expenses to the law practice", that "on the evidence * * * it appears * * * that it would be reasonable to prorate the expenses of both operations according to the gross income from" each, and that when the expenses are so prorated plaintiff had "no net income from the insurance business for the years 1951 and 1952". Plaintiff appealed to the Appeals Council of the Social Security Administration, which, on October

---

1. 42 U.S.C.A. § 401 et seq.

2. Under section 211(c) (5) of the Social Security Act plaintiff's income from the practice of law was not subject to the act. 42 U.S.C.A. § 411(c) (5).

1, 1953, notified him that it had affirmed the referee's decision and informed him that if he disagreed with this decision he might obtain judicial review by filing a civil action within sixty days from that date.[3]

■■ On November 27, 1953 plaintiff filed a complaint in the District Court seeking review of the Appeals Council decision. Thereafter the Secretary moved for summary judgment. After argument the court filed an opinion in which it found that the Secretary's decision to prorate plaintiff's expenses on the basis of his gross income from each source would have been proper if there were no evidence of the actual expenses involved in each operation, but held that in view of plaintiff's testimony that he had no expenses in connection with the insurance work, the Secretary's formula was without support in the evidence. The court accordingly entered an order denying the Secretary's motion for summary judgment, and reversing and setting aside the decision of the Secretary. D.C., 132 F.Supp. 638. The present appeal by the Secretary followed.

The order of the district court must be reversed. The Secretary drew the inference from the uncontradicted evidence that the plaintiff's contention was unreasonable that all his business expenses for 1951 and 1952 were chargeable to his law practice and none to his insurance business. He found the plaintiff's testimony that he had no expenses in his insurance business to be incredible in the light of his testimony that he conducted that business from his law office for which he paid rent, telephone and secretarial expense. We think that the inferences which the Secretary thus drew were binding upon the district court. For they have the support of substantial evidence. Walker v. Altmeyer, 2 Cir., 1943, 137 F. 2d 531; Social Security Board v. Warren, 8 Cir., 1944, 142 F.2d 974; United States v. LaLone, 9 Cir., 1945, 152 F.2d 43.

And see O'Leary v. Social Security Board, 3 Cir., 1946, 153 F.2d 704.

It was error for the district court to disregard these findings and base its conclusion upon the plaintiff's unsupported statement that he had no expenses in connection with his insurance business. For in making this statement he ignored a basic principle of accounting that a reasonable share of overhead expenses is chargeable to a business activity in addition to the expenses directly incurred in carrying on the particular activity. Thus it is stated in Paton, Accountants' Handbook, 3d Ed., at pp. 137–138:

> "Joint Costs.—In departmentalizing charges the accountant should endeavor to secure a fair and equitable distribution. Otherwise improper managerial decisions may result. This point of view is particularly important in the handling of joint or common charges. If any cost factor contributes to two or more functions or departments of activity the effect should be fairly apportioned; there should be no freeing of one department at the expense of another."

Accordingly viewing the plaintiff's insurance and legal activities as separate businesses, as the plaintiff argues they are, and differentiating his income received from his insurance sales from that derived from his law practice, as he argues we must, it nonetheless is clear that the Secretary did not err in holding that each of these business activities should be charged with its share of the plaintiff's overhead expenses, including the cost of maintaining his office from which he conducted both businesses.

The order of the district court will be reversed.

McLAUGHLIN, Circuit Judge (dissenting).

The finding of the Secretary so prorates appellee's expenses for the two crit-

---

3. The Appeals Council decision was the "final decision of the Secretary" for the purposes of judicial review under sec-
tion 205(g) of the act. 20 C.F.R.1949 ed. § 403.710(e).

78

ical tax years as to make his cost for writing the thirty-six policies involved more than double his commissions from them. Agreement with that finding is directly opposed to the only evidence in the case on the point, that of appellee, himself. He testified that the writing of those few policies scattered over the entire two year period was virtually without expense to him. They were merely tag ends of legal matters, e. g. closing a title. As the district court found [132 F.Supp. 640]:

> "This method of dealing with insurance companies by lawyers is very well known to members of the bar, particularly the older members of the profession. In such circumstances, we feel the proration method adopted by the defendant ought not to be used as the basis for denying plaintiff's claim as the theory had no evidence at all to support it."

This informal, frugal method of writing insurance now and again as the opportunity might arise may not be in accord with some so-called best accounting practice but it happens to be an actuality with a great number of decent attorneys determined to make a go of it at the practice of law. It is the fact here. It should be so accepted. I would affirm the decision of the district court.

On Petition for Rehearing

PER CURIAM.

In a petition for rehearing appellee has urged that our decision be modified to give him an opportunity to present to the district court additional evidence as to the proper allocation of his expenses and net income between his two modestly remunerative activities. However, that which he seeks is a function of the administrative agency rather than the district court, which exercises a reviewing function. It may well be that evidence can be adduced to enable a more accurate allocation than has been made by the Social Security Administration. But it is not for us to say whether the administrative agency, if requested, should or would now permit the reopening of the case for such additional proof and reconsideration.

The petition for rehearing will be denied.