**Marion B. FOLSOM, Secretary of Health, Education and Welfare, Appellant,**

v.

**Hugh W. O'NEAL, Appellee.**

**No. 5622.**

United States Court of Appeals Tenth Circuit.

Dec. 28, 1957.

Seymour Farber, Attorney, Department of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., William C. Farmer, U. S. Atty., Topeka, Kan., and Melvin Richter, Attorney, Department of Justice, Washington, D. C., were with him on the brief), for appellant.

C. W. Hughes, Dodge City, Kan., for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

BRATTON, Chief Judge.

Section 202(a) of the Social Security Act, as amended, 42 U.S.C.A. § 402(a), provides in pertinent part for the payment of old-age insurance benefits to every individual who is a fully insured individual. Section 209, 42 U.S.C.A. § 409, provides in pertinent part that the term "wages" shall mean remuneration paid after 1950 for employment. Section 210(a) defines the term "employment" to mean service performed after 1950. Section 210 (k) (2), 42 U.S.C.A. § 410 (k) (2), in pertinent part, defines the term "employee" to mean any individual who, under the common law rules applicable in determining the employer-employee relationship, has the status of an employee. Section 213(a) (1) defines the term "quarter" and the term "calendar quarter" to mean a period of three calendar months. Section 213(a) (2) (B), 42 U.S.C.A. § 413(a) (2) (B) defines the term "quarter of coverage" to mean a calendar quarter in which the individual has been paid $50 or more in wages. And section 214(a) (2) (A), 42 U.S.C.A. § 414(a) (2) (A), defines the term "fully insured individual" to mean an individual who has at least six quarters of coverage.

Hugh W. O'Neal, hereinafter referred to as the claimant, filed with the Social Security Board a claim for old-age insurance benefits under the Act. The Bureau of Old-Age and Survivors Insurance, Social Security Administration, determined that the claim was not well founded. The claimant requested reconsideration. A referee was designated to conduct a hearing. The hearing was conducted and the referee decided that the claimant was not entitled to benefits under the Act. The request of the claimant for administrative review of the decision of the referee was denied. The claimant then instituted this action against the Secretary of Health, Education, and Welfare to require the making of payments to him under the Act. By answer, the proceedings before the Social Security Board were pleaded; and a certified copy of the transcript of the record including the evidence upon which the administrative findings and decision were predicated was made a part of the answer. Each party moved for summary judgment. The motion of the claimant was granted and judgment was entered determining that the claimant was an employee as defined by section 210(k) (2) of the Act, and that he was paid wages of $300 per month during the period beginning October 1, 1952, and ending April 1, 1954. The appeal was seasonably perfected from such judgment.

The nature and extent of judicial review in a proceeding of this kind is limited in scope. When an administrative decision denying a claim for benefits under the Social Security Act becomes final after hearing, the aggrieved claimant may obtain a review thereof by commencing a civil action in the proper United States Court within sixty days after the mailing to him of the notice of the decision. And predicating its decision upon the pleadings and transcript of the record made in the course of the administrative determination, the court has power to enter judgment, affirming, modifying, or reversing the decision of the Administrator with or without remanding the proceeding for rehearing. But in such an action the findings of the Administrator are conclusive upon the court as to any fact if they are supported by substantial evidence. Hobby v. Hodges, 10 Cir., 215 F.2d 754. And the conclusive effect of findings of fact made in the course of the administrative proceeding includes inferences which the Secretary drew if they were fairly to be drawn from the evidence. Livingstone v. Folsom, 3 Cir., 234 F.2d 75; Ferenz v. Folsom, 3 Cir., 237 F.2d 46, certiorari denied, 352 U.S. 1006, 77 S.Ct. 569, 1 L.Ed. 2d 551; Rosewall v. Folsom, 7 Cir., 239 F.2d 724.

948

The claim for benefits under the Act turned upon whether the claimant was a bona fide employee of his sister, Gladys Robinson, from October, 1952, to April, 1954, inclusive, as the term "employee" is defined in section 210(k) (2), supra. The sister owned and operated the O'Neal Hotel in Dodge City, Kansas. The claimant was without a family. The administrative findings were that the claimant went to live with his sister at the hotel on or about September 1, 1951, for the reason that he had to have a place to live and could live there free of charge; that he did live there as a member of his sister's family and in that capacity helped around the hotel from time to time; that until October 1, 1952, he received no pay for such services; that after October 1, 1952, he was paid at the rate of $300 per month; that after October 1, 1952, his duties were not different than they had been before; that he may have stayed around the hotel a little more of the time; that the monthly payments were discontinued on April 1, 1954; that after such payments were discontinued, the claimant continued to live at the hotel; that the claimant did not perform any services as an employee of his sister; and that the reason the sister began to pay the claimant a fixed monthly sum and to report such payments as wages was a desire to establish a wage record for him which she hoped would permit him to qualify for monthly benefits under the Act. It would not serve any useful purpose to review the evidence in detail. It is enough to say that we think the evidence and the inferences fairly to be drawn from it adequately supported the administrative findings of fact. And under the facts found in the course of the administrative proceedings, the claimant was not a bona fide employee of his sister during the period in question within the intent and meaning of the Act and therefore was not entitled to old-age insurance benefits.

The judgment is reversed and the cause is remanded with directions to dismiss the action.