**John F. BEAVERS, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of the Department of Health, Education and Welfare of the Government of the United States, Defendant.**

**Civ. A. No. 6128.**

United States District Court
D. Colorado.

May 25, 1959.

Broadstreet and Trainor, Robert A. Trainor, Salida, Colo., for plaintiff.

Donald E. Kelley, U. S. Atty. for the District of Colorado, Charles M. Stoddard, Asst. U. S. Atty. for the District of Colorado, Denver, Colo., for defendant.

KNOUS, Chief Judge.

This matter stands on motions for summary judgment by both the plaintiff and the defendant. It has been stipulated that such motions should be disposed of on the briefs of the parties, which have been filed, and without oral argument.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A.

§ 405(g), to review a final decision of the Secretary of Health, Education and Welfare.

 The plaintiff, at the administrative level, sought to establish a "period of disability" under section 216(i) of the Social Security Act, 42 U.S.C.A. § 416(i).

On January 10, 1957, a referee in the Office of Appeals Council of the Department of Health, Education and Welfare handed down a decision adverse to the position taken by the plaintiff. The referee's decision became the final decision of the Secretary on May 20, 1958, when the Appeals Council denied plaintiff's request for review. In accordance with the provisions of section 205(g) a certified copy of the transcript of the administrative record is before the Court. It and the briefs of the parties have been examined and considered by the Court.

The record reveals substantial evidence to support the referee's conclusion, upheld by the Appeals Council, that the plaintiff did not establish a total disability under the Social Security Act.

In this situation, as was said in Folsom v. O'Neal, 10 Cir., 1957, 250 F.2d 946, 947:

"* * * the findings of the Administrator are conclusive upon the court as to any fact if they are supported by substantial evidence. Hobby v. Hodges, 10 Cir., 215 F.2d 754. And the conclusive effect of findings of fact made in the course of administrative proceeding includes inferences which the Secretary drew if they were fairly to be drawn from the evidence. Livingstone v. Folsom, 3 Cir., 234 F.2d 75; Ferenz v. Folsom, 3 Cir., 237 F.2d 46, certiorari denied 352 U.S. 1006, 77 S.Ct. 569, 1 L.Ed.2d 551; Rosewall v. Folsom, 7 Cir., 239 F.2d 724."

This is so,

"even though upon a consideration of all the evidence this Court might have reached a different conclusion. It is axiomatic in a proceeding such as this, that we are not authorized to substitute our own for that of the administrative judgment." Thurston v. Hobby, D.C., 133 F.Supp. 205, at page 209. Accordingly,

It is ordered and adjudged that the plaintiff's motion for a summary judgment be denied and the motion of defendant for summary judgment be, and the same is hereby granted, and the complaint and the claim therein asserted dismissed.