**Sigmund HILL**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare.**

**Civ. A. No. 15447.**

United States District Court
W. D. Pennsylvania.

Jan. 27, 1960.

J. Harry Pershing, Pittsburgh, Pa., for plaintiff.

John Gavin, First Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

MARSH, District Judge.

On March 25, 1955, petitioner filed his application with the Bureau of Old Age and Survivors Insurance of the Social Security Administration for the purpose of establishing a period of total and permanent disability from November, 1945. The application was denied and petitioner applied to this court for review, and this court, by its order of December 23, 1958, D.C., 169 F.Supp. 240, reversed the decision of the Secretary of Health, Education and Welfare and remanded the cause with directions "to grant to claimant, Sigmund Hill, a period of disability in accordance with his application * * *."

The matter is before the court again on petitioner's "Petition for Rule to Show

Cause" filed July 16, 1959, in which he prayed for "a rule to show cause why the Order of Court should not be carried out forthwith \* \* \*." The petition averred that petitioner was "almost helpless and in need" and that "after repeated visits to the [Social Security] Office, is still without his Social Security". On July 23, 1959, we granted a rule upon the Secretary of Health, Education and Welfare "to show cause why the Order of Court should not be carried out forthwith \* \* \*."

Defendant filed an answer to the petition in which he averred that petitioner had filed an application for disability insurance benefits with the Department of Health, Education and Welfare, Social Security Administration, Bureau of Old-Age and Survivors Insurance; that said application was then in the course of administrative process in the said Bureau of Old-Age and Survivors Insurance; and that due effect would "be given the court's decision of March 25, 1955 [sic], in the course of said administrative process."

Oral argument on the rule was had on December 22, 1959, by which time the aforementioned "administrative process" had been completed and petitioner had received certain benefits. At the argument, petitioner's counsel submitted a brief in which, after setting forth this court's order of December 23, 1958, he stated:

"In pursuance with this decree and order of Court, Sigmund Hill received a lump sum of $2289.40 and a certain sum monthly thereafter; which lump sum the plaintiff considers inadequate and which does not represent the correct amount for the entire amount due up to the date of said decree and order of Court.

"This supplemental argument has been requested for the purpose of having the correct amount ascertained and paid to the plaintiff."

Petitioner complained further, at oral argument, that the local Social Security Office had denied his attorney access to certain of its records, and orally requested the court to intercede and somehow make these records available to his attorney. Upon a suggestion by the court that jurisdiction to grant the relief requested by petitioner and his counsel was lacking in the then state of the record, petitioner's counsel requested and was granted twenty days in which to file a supplementary brief; to date no such brief has been submitted.

We perceive petitioner's requests as attempts to secure rulings on matters not properly before the court.

■ Petitioner, after exhausting his administrative remedies, sought and received judicial review of a ruling of the Secretary, which ruling was reversed and remanded with directions. The Secretary was directed to grant to petitioner a period of disability; this he has done, and the prayer of petitioner's rule to show cause why this court's order should not be carried out is therefore moot.

■ The Social Security Administration has now taken further action in this case by processing petitioner's application for disability benefits and making certain payments referable thereto. What petitioner now seeks, in essence, is a review by this court of the propriety of this latter action of the Social Security Administration. Petitioner is entitled to such review only after a "final decision of the Secretary". 42 U.S.C.A. § 405(g). The record before us does not indicate any such "final decision" as to the monetary benefits to which petitioner is entitled or the question of access to records. Such finality of decision would require, at least, action by the Appeals Council of the Social Security Administration. Livingstone v. Folsom, 3 Cir., 1956, 234 F.2d 75; Norment v. Hobby, D.C.N.D.Ala.S.D.1953, 124 F.Supp. 489. Since the prayer of petitioner's petition for a rule to show cause filed July 16, 1959 has been rendered moot by subsequent events, and, since the requests for relief presented by oral argument and brief are premature, the rule granted upon Arthur S.

Flemming, Secretary of Health, Education and Welfare, to show cause why the order of this court should not be carried out will be discharged.

An appropriate order will be entered.