Hugh F. BEACH, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of United States Department of Health, Education, and Welfare, Defendant.

Civ. A. No. 1432.

United States District Court
W. D. North Carolina,
Charlotte Division.

May 10, 1960.

Gaston H. Gage, Charlotte, N. C., for plaintiff.

James M. Baley, Jr., U. S. Atty., Asheville, N. C., John E. McDonald, Jr., Asst. U. S. Atty., Charlotte, N. C., for defendant.

WARLICK, District Judge.

This action was brought by Hugh F. Beach against Arthur S. Flemming, Secretary, United States Department of Health, Education, and Welfare, under Title 42 U.S.C.A. § 405(g), commonly referred to as Part 2 of the Social Security Act, to review a final decision of the Seccretary which denied insurance benefits to the plaintiff under 42 U.S.C.A. § 423 of the Act.

Plaintiff filed an application for insurance benefits with the Bureau of Old Age and Survivors Insurance of the Social Security Administration on September 30, 1957. On January 8, 1958, this application was denied.

Plaintiff requested a reconsideration on January 29, 1958, and by letter of June 5, 1958, was notified that the disallowance was affirmed. On June 24, 1958, he filed a request for a hearing before a referee of the Social Security Administration. The hearing was held on October 15, 1958, and it was the finding of the referee that the claimant was not disabled within the meaning of the Social Security Act as amended.

Plaintiff then filed, on November 21, 1958, with the Appeals Council of the Social Security Administration a request for review of the referee's decision. A review of the case was denied by the Appeals Council and he was so notified by letter dated March 27, 1959.

■ This court's jurisdiction in this case is conferred by Title 42, U.S.C.A. § 405(g), which provides for review of the final decision of the Secretary of Health, Education, and Welfare by civil action brought in the proper United States District Court within sixty days after mailing to the plaintiff notice of the decision of the Appeals Council. A denial by an Appeals Council of the Social Security Administration to review a referee's decision constitutes a final decision by the Secretary. Goldman v. Folsom, 3 Cir., 246 F.2d 776. This section further provides that any administrative findings of fact are conclusive if supported by substantial evidence. Hobby v. Hodges, 10 Cir., 215 F.2d 754; Folsom v. O'Neal, 10 Cir., 250 F.2d 946. The factual inferences and conclusions of the referee are likewise binding, if so supported. Livingstone v. Folsom, 3 Cir., 234 F.2d 75; Ferenz v. Folsom, 3 Cir., 237 F.2d 46, certiorari denied 352 U.S. 1006, 77 S.Ct. 569, 1 L.Ed.2d 551. Rosewall v. Folsom, 7 Cir., 239 F.2d 724.

Plaintiff filed his action in this court May 26, 1959, to have reviewed and reversed the decision of the referee, and for a judgment allowing the period of disability and disability benefits for which he applied.

The Government has answered the complaint, and in its answer asked that the decision of the referee be affirmed and the plaintiff's complaint dismissed.

■ After a claimant has satisfied the hearing requirements, he must show, in order to be entitled to disability insurance benefits under the Social Security Act, that (1) he is under a disability of indefinite duration or to result in death, and (2) that there is a present inability to engage in substantial gainful work by reason of such impairment.

The referee reviewed statements by the plaintiff, statements by individuals acquainted with the plaintiff, and reports from several medical sources. From the evidence, plaintiff was in an automobile accident on July 3, 1957, and afterwards complained of pain over his cervical and thoracic spine. All of the medical reports are subsequent to that date. Plaintiff also states that he was injured when struck by a falling bale of cotton on January 15, 1954, but that he worked thereafter until 1957.

The referee reviewed in his findings the medical reports offered into evidence by the plaintiff. None of the doctors certified in these reports that the plaintiff was totally disabled. In fact, from the reports, only one had at any time advised the plaintiff not to work. Dr. Eugene F. Hamer, in his report, dated October 24, 1957, indicated that he had advised the plaintiff not to work. In the report there was no statement as to how long the plaintiff should not work. However, in the record of the hearing before the referee on October 15, 1958, it is shown that upon the referee's questioning the plaintiff on this point, the plaintiff stated that Dr. Hamer told him not to do any physical exertion, that Dr. Hamer suggested that the plaintiff should get work where he would not have to do any lifting or climbing.

A subsequent medical report dated April 28, 1958, by Dr. Ralph V. Kidd, with X-ray interpretations by Dr. T. O. Coppedge, Jr., described the plaintiff as a well-developed, well-nourished individual with no acute distress. Examination of the heart disclosed no murmurs, no enlargement, percussion rhythm and rate were regular, and PMI not seen. EKG tracings were found to be within normal limits. Examination of the spine revealed marked tenderness to palpation of the entire cervical thoracic and upper lumbar spine. There was no limitation on forward or lateral bending of the trunk and no limitation of flexion or hyperextension of the neck, although the plaintiff did complain of pain on motion of the neck. X-ray readings of the spine

revealed a moderate osteoarthritis in the dorsal spine.

The referee found that the plaintiff does not have an impairment of such severity as to prevent him from engaging in any substantial activity, is not under a disability within the Social Security Act as amended, that he is not entitled to have a period of disability established for him under the provisions of the Act, and, consequently, the plaintiff is not entitled to the disability insurance benefits.

The opinion of this court is that there is substantial evidence to support the findings and conclusions of the referee.

This court concludes that the Government's prayer for judgment dismissing the complaint should be granted and the decision of the referee affirmed.

Counsel will submit decree in conformity with these findings of fact and conclusions of law.