Bill FUGITT, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.

No. 476.

United States District Court
E. D. Kentucky,
Catlettsburg Division.

June 20, 1960.

Howard H. Moore, Louisa, for plaintiff.

Jean L. Auxier, U. S. Atty., John W. Morgan, Asst. U. S. Atty., Lexington, for defendant.

SWINFORD, District Judge.

In considering the defendant's motion for summary judgment, the court is limited in its review of the record to the determination of one question and that is, are the findings of the Secretary as to any fact supported by substantial evidence?

Section 205(g) (42 U.S.C.A. § 405(g)) of the Social Security Act, as amended, provides:

"* * * The findings of the Administrator as to any fact, if supported by substantial evidence, shall be conclusive * * *"

A review of the record discloses that the Referee and the Appeals Council had substantial evidence to support their decisions denying the plaintiff's claim that he was totally and permanently disabled within the meaning of the Act.

The judgment of the administrative body should not be disturbed if based upon conclusions reasonably reached upon consideration of all issues presented after the parties in interest had been given a fair hearing. Ussi v. Folsom, D. C., 157 F.Supp. 679, affirmed 2 Cir., 254 F.2d 842.

The findings of the Secretary as to any fact, if supported by substantial evidence, are conclusive in an action such as this. Crooks v. Folsom, D.C., 156 F. Supp. 631, 635. A comprehensive statement of the law applicable to the instant case is contained in the following quotation from Crooks v. Folsom, supra:

"In a proceeding such as this, the court is not authorized to substitute its judgment for that of the administrative judgment, nor may it set aside the determination of the Appeals Council if there is any legal basis therefor.

" 'The decision of this Court depends upon whether the inference and conclusion reached by the Appeals Council is one which legally and logically might be concluded from the record made. Such determination of the Appeals Council will not be set aside by the Courts if there is any legal basis therefor and the conclusion reached by the Appeals Council is a permissible one from facts in the record, even though upon a consideration of all the evidence this Court might have reached a different conclusion. It is axiomatic in a proceeding such as this, that we are not authorized to substitute our own for that of the administrative judgment.' Thurston v. Hobby, supra, 133 F.Supp. at page 209."

■ The appeal of the attorney for the claimant for this court to grant relief to his distressed client is a plea that this court cannot, in the light of the record, grant. The law which gives the right of action limits the court in its review of the decision of the administrative agency to the single issue of whether or not the administrator had substantial evidence on which to base his final determination of the rights of the claimant.

■ That substantial evidence is found in the reports of Dr. Joseph M. Farrell and Dr. Dominick J. Lacovara. The reported medical examinations of Dr. J. E. Carter, Dr. G. Philip Carter and Dr. Forest F. Shely disclose substantial physical disability of the claimant. From the first medical examination of Dr. G. Philip Carter on March 8, 1955, until the concluding examinations of the government doctors, Farrell and Lacovara, it is evident that his primary complaints were: (1) right inguinal hernia, (2) internal hemorrhoids, and (3) psychoneurosis. The medical reports of the doctors make reference and implication to other impairments of his physical capacities, but with these three exceptions there is no positive diagnosis of anything wrong with his physical or mental condition.

Since the burden of proof is upon the plaintiff, I must accept some theory of his case, which in this instance must be a theory on which he bases his claim of total disability within the meaning of the statutory limitation. While he possibly has some general debility which interferes with his ability to labor, it is fair to say that he has not sustained the burden of proving disability other than the hernia, hemorrhoids and psychoneurosis. In the light of the record, the hernia and hemorrhoids could be corrected by surgery with comparatively slight danger to the claimant. With reference to the psychoneurosis, Dr. Lacovara, after a thorough examination, reported: "If Mr. Fugit is disabled, it is not from a psychosis or psychoneurosis."

It is the judgment of the court that the claimant has not sustained the burden of proving his claim and that the Administrator had substantial evidence on which to base his conclusions. The complaint should be dismissed at the cost of the plaintiff. An order to that effect is this day entered.