**Rose C. PAGELOW, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 1220–58.**

United States District Court
D. New Jersey.

Nov. 3, 1960.

William V. McLaughlin, Jr., Jersey City, N. J., for plaintiff.

Chester A. Weidenburner, U. S. Atty., Dist. of New Jersey, by Raymond W. Young, Asst. U. S. Atty., Newark, N. J., for defendant.

WILLIAM F. SMITH, Chief Judge.

This is a civil action commenced pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405 (g). The plaintiff challenges as erroneous the disallowance of two applications filed with the Bureau of Old-Age and Survivors Insurance of the Social Security Administration, to wit, an application to establish a period of disability under Section 216(i) of the Act, 42 U.S.C.A. §

416(i), and an application for disability insurance benefits under Section 223 of the Act, 42 U.S.C.A. § 423. The action is before the Court at this time on the usual motions for summary judgment.

The application to establish a period of disability was denied by the Bureau on the ground that the medical evidence submitted failed to establish the inability of the applicant to engage in "any substantial gainful activity" within the meaning of Section 216(i), supra. A request for formal hearing before a referee of the Social Security Administration was thereafter filed and while the matter was pending the application for disability insurance benefits was filed. There was a joinder of these applications and the plaintiff, represented by counsel, was accorded a full and adequate hearing on the issue of disability, the only issue presented for determination.

It was concluded by the Referee that the plaintiff was "not entitled to the establishment of a period of disability or to monthly disability insurance benefits" under the Act. It clearly appears from his decision that the conclusion was based upon a factual determination that the plaintiff was not suffering from a "disability" as defined in Sections 216(i) and 223 of the Act, supra. It should be noted that the decision reflects a careful consideration by the Referee of both the testimony of the plaintiff and the documentary evidence.

The nature and scope of judicial review in a proceeding of this kind is limited by the express provisions of the statute; the findings of fact, if supported by substantial evidence, must be accepted as conclusive. Section 205(g), supra, and the cases herein cited. Where the findings of fact are supported by the evidence and the inferences of which the evidence is reasonably susceptible, the court may not substitute its determination for that of the referee. Carqueville v. Flemming, 7 Cir., 263 F.2d 875, 877; Folsom v. O'Neal, 10 Cir., 250 F.2d 946, 947; Ferenz v. Folsom, 3 Cir., 237 F.2d 46, 49; Livingstone v. Folsom, 3 Cir., 234 F.2d 75, 77. The decision of the referee

may not be reversed if it appears, upon a review of the record as a whole, that the decision is supported by substantial evidence. Ibid. We must be guided by these well settled principles in the determination of the narrow issue here presented.

The necessary limits of this opinion will not permit a detailed review of the voluminous record. The significant facts, however, may be briefly summarized. It appears from the undisputed testimony that the plaintiff was employed successively as a stenographer, legal secretary, and administrator, from sometime early in 1921 until July 31, 1950, when she ceased work because of illness. Thereafter she remained under the care of her personal physician until May 22, 1951, when she was admitted to a sanatorium for treatment. While hospitalized it was determined that she was suffering from a "moderately advanced tuberculosis with involvement in both lungs." The plaintiff remained under treatment at the sanatorium until late in July of 1953 when she "signed out" voluntarily.

While the plaintiff was a patient at the sanatorium surgical treatment was recommended and on March 19 and April 9, 1953, she underwent a two-stage thoracoplasty which required the removal of "moderate sections of the upper six ribs" to permit the "fair collapse" of the upper lobe of the lung. Thereafter the plaintiff complained of considerable pain in the area of the operation and extreme fatigue. She testified at the hearing that these symptoms still persist; in fact, she ascribed her inability to pursue her occupation or any other gainful employment to these symptoms.

It appears from the medical report submitted by one Dr. Samuel B. Barishaw, a physician affiliated with the Berthold S. Pollak Hospital for Chest Diseases, that he diagnosed the plaintiff's "disabling condition" as "Pulmonary Tuberculosis inactive-thoracoplasty second stage" and listed as subjective symptoms "continued pain in localized area under tip

of right scapula" and "fatigue". (Report of February 8, 1955.) It should be noted that in this report he ascribed "severe pain" to "post-operative difficulty which cannot be remedied." A pulmonary function study made on February 14, 1956 revealed that the plaintiff's response to exercise was good, her ventilatory reserve slightly reduced, and respiratory reserve normal.

There can be little doubt that the plaintiff was seriously ill for a long time and that as a result of this illness, coupled with the necessary surgical treatment, she has sustained some functional disability. This was recognized by the referee and was accorded due consideration. He stated, on page 3 of his decision: "It is readily discernible, upon the facts of this case, that the claimant has been afflicted by a severe and disabling siege of illness having its genesis in an attack of tuberculosis, aggravated by a number of concomitant operations and the debilitating influence of an extended illness. Admittedly, for a number of years after the onset of her tubercular condition, the claimant was seriously disabled thereby." The narrow question, however, is whether or not the functional disability was such as to entitle the plaintiff to the establishment of a period of disability and an award of monthly disability insurance benefits.

The test of disability is prescribed by Sections 216(i) and 223 of the Act, supra. The term "disability" is therein defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration, * * *." (Emphasis by the Court.) It is clear that under the statutory definition a claimant "shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required." It is our opinion that the nature and severity of the functional disability sustained by the plain-

tiff does not meet the test of "disability" prescribed by the Act.

█ The application of the test of "disability" is necessarily dependent upon the facts of each case. It is essential to the proper evaluation of a claim for disability that due consideration be given not only to the nature and severity of the physical impairment but also to the effect, if any, of the physical impairment on the ability of the claimant "to engage in any substantial gainful activity" for which he is qualified by reason of education, training and experience. Sobel v. Flemming, D.C., 178 F.Supp. 891, 895; Klimaszewski v. Flemming, D.C., 176 F. Supp. 927, 931, 932; Dunn v. Folsom, D.C., 166 F.Supp. 44, 48. The present claim of "disability" must fail in the light of these considerations.

The plaintiff is a graduate of high school and of the American Institute of Banking. It appears from the undisputed testimony that during the 20 years which preceded the onset of her illness she held responsible positions in the Trust Department of the Bank of the Manhattan Company. She was appointed Personal Trust Administrator in 1942, and in this office administered estates, trusts, escrow accounts and other accounts. There can be little doubt that the plaintiff is a person of exceptional ability and long business experience. It is difficult to believe that a person of her qualifications is unable to engage in substantial gainful activity commensurate with her aptitudes and experience.

█ We are of the opinion that the record made before the Referee is sufficient to support his conclusion that the plaintiff failed to establish satisfactorily the disability prescribed by the Act as a condition of eligibility for the benefits thereunder. The conclusion must, therefore, be regarded as final.

The motion for summary judgment made by the defendant is granted and the motion for summary judgment made by the plaintiff is denied.