**Wilson HAUBNER, Plaintiff,**

v.

**Abraham RIBICOFF, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 1006.**

United States District Court
E. D. Kentucky,
Covington Division.

March 9, 1962.

B. T. Moynahan, Jr., U. S. Atty., William A. Watson, Asst. U. S. Atty., Lexington, Ky., for defendant.

SWINFORD, District Judge.

This is an action for review of a decision of the Social Security Administration denying disability payments as provided by Section 223 of the Social Security Act as amended (42 U.S.C.A. § 423). Jurisdiction of this Court is sought to be founded upon Section 205(g) of the Act (42 U.S.C.A. § 405(g)). The Defendant has moved to dismiss on the ground that the Plaintiff has not exhausted his administrative recourses.

The case represents a departure from the general practice in Social Security appeals. The Plaintiff has instituted this appeal from a decision by the hearing examiner instead of requesting review by the Appeals Council of the Social Security Administration. As long as this avenue of redress remains open to the claimant, the jurisdiction of this Court will not attach to the case. Hill v. Flemming, W.D.Pa.1960, 180 F.Supp. 565. Only in a case where the Appeals Council has refused to review a decision of the Examiner will it be deemed ready for review by this Court. Goldman v. Folsom, 3d Cir. 1957, 246 F.2d 776. From the experience the Court has had with cases of this character, it would appear that the procedure for carrying a case to the Appeals Council is a simple matter of filling in a printed form, available, no doubt, at any Social Security office. It could hardly be argued that this procedure is unreasonable or otherwise objectionable from a legal viewpoint.

Plaintiff attempts to support his position by referring to two letters written by the Chairman of the Appeals Council presenting the conclusion that Plaintiff is not eligible for benefits. These letters were written to two members of Congress and do not appear in the record of this case. Moreover, the existence of these letters does not mean that Plaintiff has attempted to present

T. W. Hardesty, Newport, Ky., for plaintiff.

his case to the Appeals Council for a formal adjudication and this is what determines this case. The Appeals Council decision is the "final decision of the Secretary" for the purpose of judicial review under Section 205(g) of the Act. 20 C.F.R.1949 ed. § 403.710(e). (See note 3 in Livingstone, v. Folsom, 234 F.2d 75, 3d Cir. 1956)

The Defendant's motion for dismissal of the complaint is granted. An order dismissing the complaint is this day entered.