Mabel L. COOMES, Plaintiff,

v.

Abraham RIBICOFF, Secretary of Health, Education and Welfare of the United States of America, Defendant.

No. T-2795.

United States District Court
D. Kansas.

Aug. 23, 1962.

George P. Nellans, Norton, Kan., for plaintiff.

Newell A. George, U. S. Atty., and Elmer Hoge, Asst. U. S. Atty., for defendant.

ARTHUR J. STANLEY, Jr., Chief Judge.

This action is brought pursuant to 42 U.S.C.A. § 405(g) to review a decision by the Secretary of Health, Education and Welfare, denying plaintiff's claims for a "disability freeze," 42 U.S.C.A. § 416(i), and disability benefit payments, 42 U.S.C.A. § 423. A "disability freeze" is given to permit the exclusion of disability periods from the computation of average monthly earnings, thereby increasing the benefits payable upon retirement or death. The benefit payments under § 423 are payable to disabled persons prior to retirement.

The plaintiff filed her "Application for Disability Insurance Benefits" and "Application to Establish Disability" in January, 1959, alleging that she became unable to work in February, 1956, due to a sinus infection resulting in loss of use of the left eye, and severe headaches. The various administrative steps culminated with the refusal by the Appeals Council of the Social Security Administration to review the hearing examiner's decision. The examiner's decision thus became the final decision of the Secretary. The plaintiff has moved to reverse this decision and to remand to the Secretary for the purpose of taking further testimony.

■ The facts as found by the hearing examiner are conclusive upon this court if supported by substantial evidence. Hobby v. Hodges, 215 F.2d 754, 759 (10th Cir. 1954). The conclusive effect also goes to inferences fairly drawn from the evidence. Folsom v. O'Neal, 250 F.2d 946 (10th Cir. 1957). In order to have substantial evidence there must be more than a scintilla, but there can be less than a preponderance. Carpenter v. Flemming, 178 F.Supp. 791 (N.D. W.Va.1959).

The hearing examiner had before him the following evidence: The plaintiff is a married woman, fifty-three years of age at the time of the hearing. Her formal education extends through one term of normal school. She resided on a farm with her husband until 1948, when they

moved to Norton, Kansas. At this time she became employed as a part-time bookkeeper at an auction sale barn. She worked one day per week normally. The plaintiff had suffered from a sinus condition since 1930. In February, 1959, she terminated her employment at the sale barn upon the advice of her physician, Dr. Donovan B. Foote. The plaintiff testified that the smoke and dust attending the activities at the sale barn aggravated her sinus condition and that, for this reason, Dr. Foote advised her to quit this job (hearing transcript, pp. 7, 17). She further testified that she had sought work in a greenhouse but was allergic to "mums" and that she could not work in a store because she was allergic to cosmetics (hearing transcript, p. 18); that there weren't many jobs for women in the town of Norton (hearing transcript, p. 22); and that she couldn't work in a large city because of the smoke (hearing transcript, p. 22). The plaintiff drives a car, cooks, and does normal housework when she is not suffering from one of her headaches.

The plaintiff was examined by four doctors and their reports and findings are in the record. Dr. Donovan B. Foote states in his report of February 25, 1959, that he diagnosed the plaintiff's condition as chronic pan-sinusitis and rhinitis, causing headaches. He also found her vision to be normal with glasses. The plaintiff was examined by Drs. Donovan B. Foote and Eugene C. Foote on June 20, 1959. Her condition was again diagnosed as chronic pan-sinusitis and her vision was again found to be normal. Dr. D. J. Cronin, an otolaryngologist, examined her on August 11, 1959, and diagnosed her condition as pan-sinusitis and a unilateral exophthalmos (protrusion of the eyeball), but that she had sufficient air space on both sides of her nose to enable her to breathe. On the same date, Dr. George F. Gsell, an ophthalmologist, examined the plaintiff and found that while she did have a protrusion of the left eye, the eye was normal in all other respects. Dr. Gsell stated in his findings that "(f)unctionally, there is practically no disturbance with the eye" (Exhibit 10).

The plaintiff has undergone a number of operations to correct her sinus condition, but these have accorded her only temporary relief. She visits Dr. Donovan B. Foote at least once a month for treatment. Dr. Foote stated in his report that he can give her only symptomatic relief.

The hearing examiner found that the medical evidence did not establish that the plaintiff's condition is present at all times, nor that it has become more severe since February, 1956. Thus his decision was that the plaintiff is not suffering from a disability which would preclude her from substantial gainful activity.

Both sections 416(i) and 423 of Title 42 define disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." It is against this test that substantial evidence must be found to support the examiner's decision.

■ This court recently stated that the test for "substantial gainful activity" is the possibility of finding employment in any field, not restricting it to the type of work or the earning capacity of the wage earner prior to disablement. Hutton v. Flemming, 188 F.Supp. 238, 242 (D.Kan.1960). The fact that the plaintiff could not work without pain or discomfort does not satisfy the test for disability under the Act. Adams v. Flemming, 276 F.2d 901 (2d Cir. 1960); Hallard v. Fleming, 167 F.Supp. 205 (W.D.Ark.1958).

■ That jobs for women are scarce in Norton is of little moment because the test, as set out above, is the lack of capacity to work, not inability to find a job. The statements by Dr. Foote that the plaintiff is unable to work and by Dr. Cronin that the plaintiff has "considerable disability" are not binding on the hearing examiner, otherwise there would be no need for a hearing. Jacob-

son v. Flemming, 186 F.Supp. 936 (S.D. N.Y.1960).

In the light of the cited authorities, and considering all the evidence before the examiner, I find that there is substantial evidence to support his finding that the plaintiff's condition does not qualify her for a "disability freeze" nor for benefit payments.

The plaintiff's motion to reverse and remand for further testimony will be denied. The decision of the Secretary of Health, Education and Welfare will be affirmed.

Counsel will submit an order.