**Winston K. OGDEN, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. C-203-62.**

United States District Court
D. New Jersey.

Dec. 14, 1962.

Wilfred L. Dempsey, Summit, N. J. (Michael G. Alenick, Newark, N. J., of counsel), for plaintiff.

David M. Satz, Jr., U. S. Atty., by Richard A. Levin, Asst. U. S. Atty., Newark, N. J., for defendant.

SHAW, District Judge.

Application was made by plaintiff to the Bureau of Old Age and Survivor's Insurance of the Social Security Administration, Department of Health, Education and Welfare, for benefits pursuant to the provisions of 42 U.S.C.A. §§ 416 (i) and 423. The application was denied. Request for hearing was made by plaintiff and, pursuant thereto, hearing was held on September 15, 1961. At the conclusion of the hearing, and upon consideration of the evidence submitted, the Hearing Examiner, by written opinion filed September 21, 1961, determined that the evidence was insufficient to support a finding that the plaintiff was entitled to the benefits sought. Review of the Hearing Examiner's decision was requested and denied by the Appeals Council of the administrative agency on January 5, 1962. This exhausted plaintiff's administrative remedy, leaving the Hearing Examiner's decision as the final decision of the administrative agency.

Plaintiff now seeks review of the agency decision by Complaint filed herein pursuant to the provisions of Title 42, Section 405(g), and the matter is now before the Court for decision on cross-motions for summary judgment. The pertinent provisions of the Statute relating to the review function of this Court with respect to the issue presented by the record herein are as follows:

> "The court shall have power to enter upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. *The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive* * * *." (Emphasis supplied.)

In order for plaintiff to qualify for the disability benefits sought under 42 U.S.C.A. Section 416(i), or Section 423, it was incumbent upon plaintiff to establish, from the evidence, that his disability consisted of "inability to engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." See Hier v. Ribicoff, 194 F.Supp. 22 (D.C.Ill.1961); Craig v. Ribicoff, 192 F.Supp. 479 (D.C.N.C.1961).

■ Whether plaintiff suffered such disability was the sole issue of fact before the Hearing Examiner of the administrative agency. The sole issue for determination by this Court, upon review of the findings of the Hearing Examiner, is whether his findings of fact are supported by substantial evidence. If so, such findings are conclusive, and it is not the prerogative of this Court, in the exercise of its statutory power of review, to disturb such findings. 42 U.S.C.A. § 405(g); Carqueville v. Flemming, 263 F.2d 875 (7th Cir., 1959); Folsom v. O'Neal, 250 F.2d 946 (10th Cir., 1957); Ferenz v. Folsom, 237 F.2d 46 (3rd Cir., 1956); Thompson v. Social Security Board, 81 U.S.App.D.C. 27, 154 F.2d 204; Pagelow v. Flemming, 189 F.Supp. 671 (D.C.N.J.1960); McGrew v. Hobby, 129 F.Supp. 627 (D.C.Kansas, 1955); Hemmerle v. Hobby, 114 F.Supp. 16 (D. C.N.J.1953).

Plaintiff alleged, in his application for disability benefits filed on October 5, 1960, that he was unable to work since April 1, 1957, and that the impairment to his health out of which his disability arose was a condition of hypertension. The overall import of the medical reports submitted in support of his application show a primary condition of hypertensive vascular disease manifested by elevated blood pressure and minor arteriosclerotic changes. Secondary consequences of the disease, manifested in terms of disability, are slight loss of hearing in each ear and diminished balance function of the right inner ear. His chief complaints are a sense of imbalance on movement of his head and when walking, nervousness and irritability, recurring headaches, loss of hearing, and fatigue under exertion. Except for the slight loss of hearing in the higher tone ranges and a diminished sense of balance on bodily movements due to the impaired function of the right inner ear, his other complaints were generally associated with activities and incidents which created tension and resultant emotional disturbance.

The medical reports indicate that the elevated blood pressure was not constant and that with relief from emotional strain and with medication, it was not beyond control. It also appears that the slight loss of hearing could be corrected by use of a hearing aid and that, even without a hearing aid, it does not constitute a substantial handicap. The same may be said with respect to the effect of the slight impairment of function of the right inner ear.

The general import of the medical findings is that plaintiff could not continue the same work he did as a contractor and builder without placing his health in serious jeopardy because of the emotional strain which that work imposed. Dr. S. H. Brethwaite, the treating physician, who had opportunity to treat and observe plaintiff from April 9, 1948, until October, 1960, stated in his report, "Patient not able to do his work as a *contractor and builder*. He stays at home working in the garden and avoids all emotional conflicts." (Emphasis supplied.) Dr. Niceberg, a review physician of the State Rehabilitation Commission and an Agency official, on review of plaintiff's medical history of hypertensive vascular disease and hearing loss, stated that "the objective findings do not support an impairment currently of sufficient severity to preclude engaging in all types of substantial gainful activity." The report of Vincent Astor Diagnostic Service (on page 96 of the transcript of the record) relates the high blood pressure to plaintiff's emotional state "which fluctuates a great deal" and concludes with recommendation that plaintiff "should be cautioned definitely against returning to *his full-time work*." (Emphasis supplied.)

Dr. Cohen, who examined plaintiff on June 5, 1961, concluded, on the basis of the medical history furnished by the re-

ports which he reviewed, "that a return to full or partial employment or vocational rehabilitation might precipitate further vascular complications of his primary hypertensive disease." However, it must be noted that, in his finding on physical examination, he states that the plaintiff was "neither acutely nor chronically ill in appearance" and it is further noted that his objective findings do not indicate severe impairment of health. The same may be said with respect to objective findings as set forth in the other medical reports presented in support of plaintiff's claim.

Plaintiff was born August 31, 1901. He is a high-school graduate who served four years as a carpenter's apprentice and who supplemented his high-school education, in which he majored in science, with evening courses in architecture, mechanical drawing, drafting and building. From 1924 to 1957, he developed and conducted a prosperous business which consisted of the operation of a lumber yard and the construction of residential homes. He functioned in the business not only as the executive head but also as an on-the-job supervisor, working 15 hours a day and as much as 80 to 100 hours per week, directing at times the work of as many as 29 employees. The nature and extent of the business and the responsibilities plaintiff assumed in the conduct of it imposed considerable mental and emotional strain.

During the year, 1948, he was advised by his doctor that he had elevated blood pressure and that he should "slow down." No medication was prescribed at that time. During the year, 1956, he was advised by his doctor that he had had a slight stroke. He described this incident as a "loud explosion" in his head. He was then advised by his doctor to give up his business because of a possibility of a recurrence. This advice he took and completed liquidation of his business on April 1, 1957. Until that time, the evidence does not indicate that illness interfered in any substantial degree with his daily work routine.

After the liquidation of his business, plaintiff never sought to engage in any other gainful employment but spent his time in gardening, light carpentry work, and the pursuit of other hobbies. His financial means were such that there was no economic necessity to engage in gainful employment, leaving him free to spend his time in recreational activities which he found of interest. So far as the evidence discloses, the impairment of his health did not compel him to refrain from routine daily activity or from any mental activity except such as might create tension causing emotional strain.

Plaintiff emphasizes the conclusions reached by Dr. Burton M. Cohen in his report dated June 5, 1961, in which the doctor states that plaintiff "is disabled and unable to work" and also the findings of Dr. Richard E. Lee that working "would place undue hazard" on plaintiff's life. As with all expert opinion, the concusions of medical experts must be evaluated in the light of the facts upon which the opinion is predicated and weighed accordingly as to probative value. In this instance, it was well within the province of the Hearing Examiner, as the finder of the facts, to determine that the objective medical findings as to the general state of plaintiff's health did not necessarily lead to the conclusions which these medical experts expressed.

Plaintiff also emphasizes, as error on the part of the Hearing Examiner, that he gave consideration to plaintiff's financial status in reaching the determination that plaintiff was not entitled to disability benefits. The Court concurs with the argument that the financial means of plaintiff is a circumstance which would not be material in the determination of his right to collect disability benefits. His right thereto would be established upon a showing of inability to engage in any substantial gainful activity by reason of his health, regardless of his economic circumstances. But it is apparent from the record that the Hearing Examiner referred to the financial means of plaintiff only in connection with the question of motivation to seek gainful

employment, pointing out, in effect, that plaintiff's complete retirement from gainful employment after April 1, 1957, was not inconsistent with capacity to engage in substantial gainful activities which did not impose the severe strain to which he had been subjected in the conduct of the business which he liquidated.

Plaintiff was afforded a fair hearing by the Hearing Examiner in the Bureau with full opportunity to present all evidence which would tend to establish the disability which he claimed, and the written opinion of the Hearing Examiner shows that the evidence was carefully reviewed and evaluated with respect to the reasonable inferences that might be drawn therefrom.

 Viewed in the light most favorable to plaintiff, the most that could be said with respect to the evidence is that reasonably divergent inferences might be drawn with respect to the extent and nature of his disability. But it cannot be said that the only inference of which the evidence is reasonably susceptible is one which would lead to the conclusion that plaintiff suffered disability of such nature and degree that he could not engage in substantial gainful activity without unduly jeopardizing his health. Such being the case, the findings of fact by the Hearing Examiner must prevail. Where the conclusions of the Hearing Examiner are reasonably reached, upon careful consideration of all the evidence presented at a fair hearing, this Court has no authority to disturb such conclusions. Fugitt v. Flemming, 188 F.Supp. 351 (D.C.Ky.1960); Beavers v. Flemming, 186 F.Supp. 629 (D.C.Colo.1959); Pirone v. Flemming, 183 F.Supp. 739 (S.D.N.Y.1959), aff'd 2 Cir., 278 F.2d 508.

I might add that, from my own independent review of all the evidence and upon consideration of the inferences of which it is reasonably susceptible, I am in accord with the conclusions reached by the Hearing Examiner. The degree of impairment of plaintiff's health, considered together with his educational background and intelligence, his many skills and executive ability, and the extent to which he is physically active and mentally alert, compels the rational conclusion that he could engage in substantial activity of a substantially gainful nature if he chose.

Accordingly, it is the opinion of the Court that the determination of the Hearing Examiner, constituting the final decision of the administrative agency, is supported by substantial evidence and that the motion of plaintiff for judgment should be denied and the motion of defendant for judgment should be granted.

An appropriate Order for entry of judgment in accordance herewith will be submitted.