**Thelma M. ROBB, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 12482.**

United States District Court
E. D. Louisiana,
New Orleans Division.

May 10, 1963.

George O'Dowd, New Orleans, La., for plaintiff.

Gene S. Palmisano, Asst. U. S. Atty., New Orleans, La., for defendant.

AINSWORTH, District Judge.

Plaintiff has applied to this court for a review of a final decision of the Secretary of Health, Education and Welfare, which denied her application for a period of disability and for monthly disability insurance benefits. This action is brought pursuant to 42 U.S.C.A. § 405 (g). Plaintiff has exhausted her administrative remedies, culminating with the refusal by the Appeals Council of the Social Security Administration to review the hearing examiner's decision, thus making the decision of the hearing examiner the final decision of the Secretary.

Defendant has moved for summary judgment on the ground that the findings of the Secretary are supported by substantial evidence and that defendant is entitled to judgment as a matter of law.

In her request for hearing, claimant states:

"I am still disabled. I am still under medical treatment and my doctors tell me I cannot return to work. I take digitalis and pills for chest pain."

The application was denied on the ground that the evidence disclosed that her physical impairment was not so severe that it prevented her from doing substantial work in any occupation.

Claimant, a Negro woman, testified at the hearing that she was born in Louisiana on August 8, 1906, completed high school, is married to a seaman who supports her, and has no children.

Her work experience consists of operating a knitting machine in a mill for approximately eighteen months, working as a maid and stock girl in a department store for approximately seven years, and working as a sewing-machine operator in a men's clothing factory for about twenty-five years. She stopped working at the clothing factory in September 1959 because of "weak-like fainting spells." Dr. Frank J. LeCourt, after having examined plaintiff, advised her not to return to work.

At the hearing plaintiff complained of pains in her chest, difficulty in performing necessary household chores, shortness of breath, a swollen condition in her extremities upon awakening in the morning, difficulty in sleeping, and occasional coughing spells particularly at night. She takes care of her four-room house, cooks, uses a washing machine for the family laundry, hangs the clothes to dry, walks seven blocks to the grocery store and back, two or three times a week, carrying small packages of groceries, and attends church on Sunday which requires walking thirteen blocks to catch a bus, which at times necessitates her stopping to rest because of experiencing a lump in her chest.

A friend of plaintiff, who has known her for ten years and sees her about two or three times a week, corroborated her testimony.

The medical evidence is in conflict.

Diagnosis of Dr. F. J. LeCourt, dated November 16, 1960:

"Angina pectoris syndrome and bronchial asthma."

He has consistently stated that plaintiff is totally disabled.

Diagnosis of Dr. W. H. Mosby, dated August 19, 1961:

"Arteriosclerotic heart disease with angina pectoris."

He advised that she be restricted from "all exertion."

Diagnosis of Dr. F. Gilbert McMahon, dated June 6, 1960:

"1. Arterio sclerotic and hypertensive cardiovascular disease. Grade II–C. 2. Hypertension. 3. Chronic bronchitis and bronchial asthma. This patient impresses me as being rather labile emotionally. Nevertheless, she does have underlying organic disease. Her heart was not reported as being enlarged on the PA view of the chest review; however, a left-axis deviation was noted on the electrocardiogram and there are old ischemic and perhaps

post infarctional lateral changes on her ECG as well. I think she is in incipient congestive heart failure now. Some venous distention of the funduscopic vessels certainly seem to collaborate this impression. Although her arterial sclerotic process is progressive, I feel she could be employable at this time in some sedentary type of physical occupation. I fail to understand why she cannot be gainfully employed as a seamstress where very little exertion and walking are necessary."

Diagnosis of Dr. William F. Kliesch, dated December 30, 1961:

"(1) Hypertension not found. (2) Heart disease not found. (3) Chronic bronchitis with cough. There is no emphysema. Improvement could be expected if the patient quit smoking. (4) This patient is in a chronic tension state. She worries about her medical problems and little has been done to help her. She is physically capable of working."

 The Secretary's (examiner) findings of fact are conclusive if supported by substantial evidence, and the court is without power to make its independent appraisal of the evidence. 42 U.S.C.A. § 405(g); Carqueville v. Flemming, 7 Cir., 1959, 263 F.2d 875; Ferenz v. Folsom, 3 Cir., 1956, 237 F.2d 46, certiorari denied 352 U.S. 1006, 77 S.Ct. 569, 1 L.Ed.2d 551. The finality provided by 42 U.S.C.A. § 405(g) to the administrative findings extends as well to inferences from the evidence adduced at the hearing. Walker v. Altmeyer, 2 Cir., 1943, 137 F.2d 531; Folsom v. O'Neal, 10 Cir., 1957, 250 F.2d 946; Coomes v. Ribicoff, D.Kan., 1962, 209 F. Supp. 670. Substantial evidence means more than a mere scintilla. Consolidated Edison Co. of New York v. National Labor Relations Bd., 305 U.S. 197, 59 S. Ct. 206, 83 L.Ed. 126 (1938).

Considering the evidence in the record, the examiner's findings, and the applicable authorities, we are of the opinion that the examiner's findings are based on substantial evidence sufficient to determine that plaintiff's disability is not so severe as to allow her the benefits which she seeks. The conflict in medical evidence must be evaluated by the hearing examiner, whose duty it is to weigh such evidence and resolve the conflict. That there may be substantial evidence to support a finding inconsistent to that of the hearing examiner is not a proper inquiry for the court to entertain. Gotshaw v. Ribicoff, 4 Cir., 1962, 307 F.2d 840.

The decision of the Secretary of Health, Education and Welfare is affirmed. Defendant's motion for summary judgment is hereby granted.