**John KRAYNAK, Plaintiff,**

**v.**

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 17872.**

United States District Court
W. D. Pennsylvania.
Jan. 27, 1960.

Frank Conte, George B. Stegenga, Washington, Pa., for plaintiff.

Samuel Blaufeld, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

MARSH, District Judge.

On October 25, 1956, plaintiff filed with the Social Security Administration, Bu-reau of Old-Age and Survivors Insur-ance, an application to establish a period of disability under § 216(i) of the Social Security Act, as amended, 42 U.S.C.A. § 416(i), and an application for disability insurance benefits under § 223 of the Act, 42 U.S.C.A. § 423, alleging that he first became unable to engage in any substantial gainful activity on March 31, 1956. Plaintiff's claims were denied by the aforesaid Bureau, and at plaintiff's request a hearing was had before a ref-eree of the Social Security Administra-tion who also denied plaintiff's claims. On March 19, 1959, the Appeals Council of the Social Security Administration advised plaintiff that his request for re-view by it of the referee's decision was denied; whereupon, pursuant to § 205 (g) of the Act, 42 U.S.C.A. § 405(g), plaintiff commenced this action to obtain a judicial review of the decision of the Secretary of Health, Education and Wel-fare [1] denying plaintiff's claims. The de-fendant filed a certified copy of the tran-script of the record of the proceedings before the Social Security authorities [2] in compliance with § 205(g) of the Act, supra, and subsequently moved for sum-mary judgment.

Section 205(g), supra, provides in its pertinent part as follows:

"As part of its answer the Secre-tary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without re-manding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Our jurisdiction and the scope of our review of administrative findings

---

1. Since the Appeals Council of the Social Security Administration denied review of the decision of the referee, his findings of fact became the findings of fact of the Secretary under § 205(g) of the Act. Goldman v. Folsom, 3 Cir., 1957, 246 F. 2d 776.

2. Exhibit "A" to defendant's answer.

such as were made in this case are clear. Under § 205(g) of the Social Security Act, supra, and under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., we are limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 3 Cir., 1957, 246 F.2d 776, 778; Ferenz v. Folsom, 3 Cir., 1956, 237 F.2d 46. And while "in discharging that duty we must keep in mind * * * that 'courts must now assume more responsibility for the reasonableness and fairness' of decisions of federal agencies * * *." Goldman v. Folsom, supra, 246 F.2d at page 778, citing Universal Camera Corp. v. National Labor Relations Board, 1951, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456, we "may not substitute [our] inferences for those of the referee which are supported by substantial evidence." Ferenz v. Folsom, supra, 237 F. 2d at page 49, citing, inter alia, Livingstone v. Folsom, 3 Cir., 1956, 234 F.2d 75.

After reviewing the evidence, the referee found "on the entire record * * * that the claimant's impairments were not of sufficient severity as to have precluded him from engaging in any substantial gainful activity either on or before June 30, 1957, when he last met the '6/13' earnings requirement, or at the time of the hearing."

Section 216 of the Act, 42 U.S.C.A. § 416(i) (1), provides that the term "disability" means:

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

The definition of "disability" under § 223 of the Act, 42 U.S.C.A. § 423(c) (2) is the same.

■ We have reviewed the record upon which the referee based his decision and we must conclude that "on the record as a whole there is substantial evidence to support the Secretary's findings of fact."

The referee found, and there was substantial evidence upon which to base the findings, that "the claimant was born on August 28, 1894, completed four years of elementary schooling and took a one-year night school course in elementary subjects. * * *" The referee further found that plaintiff began working at an early age as a coal loader in a coal mine, and that until July, 1954, plaintiff worked in and for several mines doing various jobs, such as, coal loading, mule driving, coal cutting, and preparing powder charges for blasting coal. He found that on July 21, 1954, the mine where plaintiff had worked for approximately 31 years ceased operations and plaintiff was idle until early 1955 when he obtained a job as a feeder of a potato peeler for a few months with a potato chip company, and that plaintiff's last job was with a lumber company where he worked for several months in 1955 unloading lumber from boxcars.

The evidence as to plaintiff's physical disability, except for plaintiff's testimony, consisted entirely of letters and medical reports from the hospital where plaintiff had been treated and from the doctors who had treated or examined plaintiff. The referee found that although plaintiff had suffered severe injuries as a result of an accident in which he was struck by an automobile on March 31, 1956 [the date on which plaintiff contends his disability began], neither the residuals of that accident nor the effects of earlier industrial accidents had so disabled the plaintiff as to qualify him for either of the benefits he sought. We think that this conclusion is supported by substantial evidence; for, while there is certainly evidence that plaintiff was totally and permanently disabled following his accident of March 31, 1956, there is substantial evidence that although plaintiff has suffered some disability, he is nevertheless physically able to engage in "those occupations not requiring

**434**

strong grip in right hand or prolonged walking or standing." [3]

We see no point in going further and weighing the evidence pro and con plaintiff's disability, for even if we were disposed to conclude that plaintiff is disabled within the meaning of the previously-quoted sections of the Social Security Act, we "may not substitute [our] inferences for those of the referee which are supported by substantial evidence." Ferenz v. Folsom, supra.

An appropriate order will be entered affirming the decision of the Secretary of Health, Education and Welfare.

---

3. Exhibit "A", transcript pp. 78–79, medical report of William K. Weitzel, M.D., dated August 16, 1957.