Lula B. BOWLING

v.

Arthur S. FLEMMING, Secretary of
Health, Education & Welfare.

Civ. A. No. 3953.

United States District Court
E. D. Tennessee, N. D.

Feb. 23, 1960.

Nobert J. Slovis, Knoxville, Tenn., for plaintiff.

John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Mrs. Lula B. Bowling filed her suit under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the decision of the Secretary of the U. S. Department of Health, Education and Welfare.

The Referee found that the evidence was insufficient to establish a period of disability during a period that she met the earning requirements of the Act, and that she was not entitled to recover the insurance benefits provided by the Act, 42 U.S.C. § 401 et seq.

Mrs. Bowling appealed from the findings and conclusions of the Referee to the Council for a review, which was denied.

The reason she gave for her appeal from the decision of the Referee or the Bureau of Insurance and other social security benefits was a unique one. She stated, in substance, she was appealing because her case "did not come out right" before the tribunal from which she appealed.

Some of the testimony given by Mrs. Bowling is likewise unique. Her testimony as a whole indicates that she is a person of more than ordinary ingenuity but with limited education. Her testimony indicates she is a frank and honorable person. The accident which she suffered at her home in 1957 which resulted in serious injuries to some of her fingers on her left hand was most unfortunate and could have been fatal.

At the time of her accident she was a looper of cloth in one of the local mills here in Knoxville. She worked at this one mill continuously from the time she was 16 years of age with one exception when she obtained work at another mill and where she worked for a comparatively short time. Her testimony on that subject as to how long she worked at that mill, why she went there and why she returned to her original job, is unique and interesting.

All of the doctors as well as the lay witnesses agree that the 1957 accident rendered plaintiff permanently and totally disabled from engaging in work as a looper. This is the only work that she ever did for hire or in public employment. Of course, she did housework and other work around the home for which she was not paid.

The question arises as to whether a person who has worked at one job from the time she was 16 years of age until she reached 56 years of age and who suffers a serious accident which causes her forever to be unable to engage in the same work, comes within the requirements of the Act so as to receive benefits under the Act. The work which she did was technical work in that it required a certain amount of training and experience to properly do the work. The record shows that the work that she performed was greatly in demand by the mill operators in this area in 1957 and subsequent years.

Counsel for plaintiff frankly concedes that the disability resulting from plaintiff's left hand or arm injury standing alone would not entitle her to benefits under the Act. Counsel says that the arm injury plus the injury which she sustained to her ankle in 1954 and the arthritis in her right wrist when combined or when considered together do render her disabled within the meaning of the "substantial gainful activity" phrase of the Act.

The record indicates that plaintiff recovered substantially from the 1954 ankle injury. The record is insufficient in the opinion of this Court to show that the right arm affliction is of sufficient severity to prevent plaintiff from engaging in a substantial gainful activity. The record shows that plaintiff is unable to carry on her work as a looper. She has, therefore, an occupational disability resulting from the 1957 accident, but this disability alone is insufficient to enable her to recover benefits under the Act. Miller v. U. S., 294 U.S. 435, 55 S.Ct. 440; 79 L.Ed. 977.

The Referee found as a fact that plaintiff's impairments of body were insufficient to establish a period of disability under the Act and that she is not entitled to disability benefits for insurance which she has claimed in her applications. This Court is not empowered by the Act to pass on the merits of plaintiff's claims. Hobby v. Hodges, 10 Cir., 215 F.2d 754.

The sole question for the determination of this Court is whether or not there is substantial evidence to support the findings and conclusions of the Referee and whether the Referee correctly applied the law applicable to the case.

It is the opinion of this Court, and it so finds, that there is substantial evidence to support the findings and conclusions of the Referee and that the Referee correctly applied the applicable law.

The parties will present an order in conformity with the views herein expressed.