**Leon J. HILBERT**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, United States of America.**

**Civ. A. No. 23469.**

United States District Court
E. D. Pennsylvania.

Nov. 18, 1960.

W. J. Krencewicz, Shenandoah, Pa., for plaintiff.

James P. Dornberger, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

On September 26, 1955, plaintiff filed an application to establish a period of disability under § 216(i) of the Social Security Act, as amended, 42 U.S.C.A. § 416(i), with the Social Security Administration, Bureau of Old Age & Survivor Insurance. He alleged therein that he first became unable to engage in any substantial gainful activity on October 20, 1953.

Plaintiff's claims being denied by this Bureau, he requested a hearing before a Referee of the Social Security Administration. The hearing was held and the Referee also denied plaintiff's application for the establishment of a period of disability.

Plaintiff's request to the Appeals Council of the Social Security Administration to review the Referee's decision was denied on August 26, 1957, whereupon this action was commenced on October 23, 1957, pursuant to § 205(g) of the Act, 42 U.S.C.A. § 405(g), to obtain a judicial review of such decision.

As a result of the request of the then defendant, Marion B. Folsom, Secretary

of Health, Education and Welfare, the case was remanded for further administrative action on December 23, 1957 (Document No. 3). The Appeals Council rendered a decision on September 29, 1959, in which it adopted the evidentiary facts as set forth in the Referee's decision, except as modified in its opinion, and affirmed his decision. Defendant has filed a certified copy of the transcript of the record in compliance with § 205(g) of the Act, supra, and has moved for summary judgment under F.R.Civ.P. 56, 28 U.S.C. (Document No. 7). Plaintiff has filed a motion to amend the Complaint by changing the prayer for relief (Document No. 8) and a Motion for Summary Judgment (Document No. 9).

■ As the court stated in Kraynak v. Flemming, D.C.W.D.Pa., 188 F.Supp. 431, 433, affirmed 3 Cir., 1960, 283 F.2d 302:

"Our jurisdiction and the scope of our review of administrative findings such as were made in this case are clear. Under § 205(g) of the Social Security Act, supra, [42 U.S. C.A. § 405(g)] and under the Administrative Procedure Act, 5 U.S. C.A. §§ 1001 et seq., we are limited to 'ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact.' Goldman v. Folsom, 3 Cir., 1957, 246 F.2d 776, 778; Ferenz v. Folsom, 3 Cir., 1956, 237 F.2d 46. And while 'in discharging that duty we must keep in mind * * * that "courts must now assume more responsibility for the reasonableness and fairness" of decisions of federal agencies * * *,' Goldman v. Folsom, supra, 246 F.2d at page 778, citing Universal Camera Corp. v. National Labor Relations Board, 1951, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456, we 'may not substitute [our] inferences for those of the [Appeals Council] which are supported by substantial evidence.' Ferenz v. Folsom, supra, 237 F.2d

at page 49, citing, inter alia, Livingstone v. Folsom, 3 Cir., 1956, 234 F.2d 75.''

The Appeals Council, acting for the defendant, found:

"The claimant has not established that the resulting impairment involving his musculoskeletal condition was of such severity, commencing at a time when he met the coverage requirements of the law, as to prevent him continuously from engaging in *any* kind of substantial gainful activity." (Tr. 9)

&ast; &ast; &ast; &ast; &ast; &ast;

"The evidence does not establish the existence of an impairment or impairments of such severity with onset prior to December 31, 1955, as to constitute disability under the law. * * *

"In the circumstances, the Appeals Council finds that the claimant is not entitled to have a period of disability established as requested in his application filed September 26, 1955." (Tr. 12)

■ As stated in Klimaszewski v. Flemming, D.C.E.D.Pa.1959, 176 F.Supp. 927, 930, "the question for decision is whether there is substantial evidence in the record to support the decision of the Appeals Council that the claimant [was] not precluded from engaging in any substantial gainful activity" in the last quarter of 1955 *by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long continued and indefinite duration.*[1]

The decision of the Appeals Council is supported by a thorough, 11-page opinion which contains the following language:

"The Appeals Council agrees that as a result of his on-the-job accident, the claimant was left with an unstable and deformed left knee; some limitation of motion of the left ankle; a healed ulcer over the left heel with skin abnormally thicken-

---

1. The italicized words are quoted from § 216(i) (1) (A) of the Social Security

Act, as amended (42 U.S.C.A. § 416(i) (1) (A)).

ed; and atrophy of the left thigh. As a result, the claimant's weight does not go through the knee normally, he must walk slower than he did prior to the accident, and he has some limitation of motion of the limb. However, the medical findings establish that extension of the knee, the most important factor involved here, is limited at the most to 30%, and that the ankle motions were 50% of normal. Thus it is obvious that the impairment of the limb is but a small percentage of impairment of the whole man in this case. * * * In addition, the whole subject of the extent of impairment of the left limb becomes almost academic, in view of the statements of Dr. NeVertts at the hearing on June 13, 1958, that the claimant could do light work of a general nature were it not for a new impairment not the result of the 1953 accident. Although in his June 1, 1957, report, Dr. NeVertts felt that the fact that the claimant was favoring the left leg was also producing a traumatic arthritis of the lower back and right hip joint, on April 16, 1958, Dr. Jones reported the claimant walked fairly well with a cane, was able to straighten up all right, could almost touch the floor with his fingertips with but a very slight knee bend, and that he had normal range of motion of the right hip joint." (Tr. 11) [2]

Although all the reasoning of this opinion is not consistent with the approach taken by this court in the Klimaszewski case, supra,[3] the 49-year old plaintiff had an 8th grade education and there is no reason to believe that he could not secure the "light work of a general nature" which his doctor (Dr. M. A. NeVertts) testified (Tr. 88) he could do if it were not for his anthrasilicosis, which did not develop until 1957. Also, Dr. Jones found that plaintiff "does not have total disability due to any orthopedic condition" and that "he could be trained to do a sitting down job" (Tr. 73).[4]

On the record as a whole, there is substantial evidence to support the findings of fact of the Secretary, acting through the Appeals Council. This case is similar to Kraynak v. Flemming, supra, where the court said:

"We see no point in going further and weighing the evidence pro and con plaintiff's disability, for even if we were disposed to conclude that plaintiff is disabled within the meaning of the previously-quoted sections of the Social Security Act, we 'may not substitute [our] inferences for

2. Since the Appeals Council expressly stated that it adopted the facts as set forth in the Referee's decision, except as modified by the Council's decision (Tr. 2), this last sentence, plus the language on page 9 of the transcript quoted on page 346 of this opinion, overrules the following statement of the Referee:

"The evidence clearly shows that the claimant * * * is incapable of pursuing any occupation which would require him to get about on his feet to any extent or to remain in a fixed position, either of sitting or standing, for any extended period of time." (Tr. 32).

It is also noted that the opinion adopts the statement of Dr. NeVertts that the claimant could do light work of a general nature were it not for a new impairment, which was not the result of the 1953 accident and occurred after his coverage had ceased.

3. For example, the test is not solely what the whole man can do with his body but whether what he can do enables him to secure gainful employment in the general area where he lives.

4. The fact that this man had an 8th grade education distinguishes his situation from that of the plaintiff in the Klimaszewski case, supra, who had only had two years of schooling. Dr. Leach limited his finding that plaintiff was unable to work "at present" and stated that plaintiff can probably be improved by physical therapy (Tr. 70). On November 1, 1955, Dr. Monahan stated that pain in his ankle and foot incapacitated him "at present. Condition may improve some." He recommended a "sedentary" occupation "at present" (Tr. 68).

those of the referee which are supported by substantial evidence.' Ferenz v. Folsom, supra."

An appropriate order may be submitted by counsel.