Golden **HICKS**, Plaintiff,

v.

**Arthur S. FLEMMING**, Secretary of Health, Education, and Welfare, United States of America, Defendant.

Civ. No. 4467.

United States District Court
E. D. Illinois.

March 10, 1961.

Dreman & Sterling, Belleville, Ill., for plaintiff.

C. M. Raemer, U. S. Atty., Eastern Dist. of Ill., East St. Louis, Ill., for defendant.

JUERGENS, District Judge.

This action under Section 205(g) of the Social Security Act, as amended (42 U.S.C.A. § 405(g)), is to review a final decision of the Secretary of Health, Education, and Welfare.

On January 30, 1958, the plaintiff filed with the Social Security Administration, Bureau of Old Age Assistance and Survivors Insurance, an application to establish a period of disability under Section 216(i) of the Social Security Act, as amended (42 U.S.C.A. § 416(i)), and an application for disability insurance benefits under Section 223 of the Social Security Act (42 U.S.C.A. § 423), wherein he alleges that he first became unable to engage in any substantial gainful activity

on January 30, 1956. The plaintiff's claims were denied, and upon reconsideration by the Bureau the claims were once again denied; thereupon plaintiff filed a request for hearing before the referee of the Social Security Administration. The referee conducted a hearing in Harrisburg, Illinois. Plaintiff's claims were denied by the referee. Plaintiff then filed his request for review of the referee's decision with the appeals counsel of the Social Security Administration. This request for review was denied on August 26, 1959. Plaintiff then asked for a judicial review of the final decision of the Secretary of Health, Education, and Welfare, denying plaintiff's claim pursuant to the provisions of Section 205(g) of the Act (42 U.S.C.A. § 405(g)).

A certified copy of the transcript of the record of the proceedings before the Social Security authorities in compliance with the Act has been filed.

The cause is here on defendant's motion for summary judgment.

■ The jurisdiction of this Court and the scope of the review permitted in administrative findings, such as are present in this case, are clear. Under Section 205(g) (42 U.S.C.A. § 405(g)) of the Social Security Act and the Administrative Procedure Act, 5 U.S.C.A. § 1001, the Court is limited to ascertaining whether on the record as a whole there is substantial evidence to support the findings of the Secretary. Kraynak v. Flemming, D.C.1960, 188 F.Supp. 431.

If after a review of the entire proceedings the Court finds that there is substantial evidence to support the findings of the Secretary, then the Court has no alternative but to affirm the Secretary's findings. If on the other hand a full consideration and examination of the proceedings had before the Administrative Agency fail to disclose the presence of substantial evidence in support of the Secretary's findings, then the Court must remand the cause for further proceedings.

In proceedings of this nature the Court may not substitute its inferences for those of the referee, which are supported by substantial evidence. Livingstone v. Folsom, 3 Cir., 1956, 234 F.2d 75.

■ The evidence of this case established that the plaintiff had been injured in an automobile accident, which resulted in almost complete loss of the use of his right hand and arm. There was some evidence which tended to show that the plaintiff could use his right arm and hand but only to a very limited degree. The plaintiff also complained of chest and back pains; however, there was no recent medical evidence which tended to support these assertions. The evidence disclosed that prior to the injury the plaintiff had been engaged in the repair of washing machines and appliances and that subsequent to the accident in which he received injuries to his right arm and hand he attempted to repair washing machines in his home but was not as efficient at this work as he was before receiving the injuries. He stated that it took him about twice as long to do the same work. He further stated that he had attempted to do some gardening but was not very good at it. There was some evidence to show that the plaintiff had received a back injury for which he had received treatment in 1951 and also a medical report as of that date showing the extent of that injury. Nothing further appears concerning the back injury.

The evidence established that the plaintiff was born October 18, 1907, and had attended 8 years of school; that for some years he had been employed in a coal mine where he was a mechanical repairman and that previous to that time he had worked for the Illinois Central Railroad in track maintenance. The evidence further disclosed that the plaintiff visits his mother, who lives some 5 blocks away; that he makes this visit daily and that he walks the 5 blocks to his mother's house and apparently returns the same way.

Considering all the evidence, the Court finds that the findings of the defendant are supported by substantial evidence and, accordingly, the defendant's motion for summary judgment will be allowed.