**Agnes C. MARTIN, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of the United States Department of Health, Education and Welfare, Defendant.**

**Civ. A. No. 63–371.**

United States District Court
D. Massachusetts.

May 21, 1964.

Arthur P. Foster, Methuen, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., A. David Mazzone, Asst. U. S. Atty., Boston, Mass., for defendant.

SWEENEY, Chief Judge.

The plaintiff brought this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a "final decision" of the defendant denying her claim for a period of disability under Section 216(i) of the Act, 42 U.S. C. § 416(i) and for disability insurance benefits under Section 223, 42 U.S.C. § 423. The defendant has moved for summary judgment on the ground that there is no genuine issue as to any material fact and that he is, as a matter of law, entitled to judgment.

The statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, * * *" but "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *."

The Hearing Examiner found that the plaintiff, who is now in her early forties, attended school through the ninth grade when she had to leave for medical reasons. Following her recovery, she held a number of jobs, operating machines and one job in a bakery, all of which re-

quired the use of both hands. Beginning about 1953, she went to work for the Western Electric Company as a wirer and solderer. "During the course of this employment [the plaintiff] began to experience difficulty with her right arm. On several occasions, because of the pain and discomfort in the arm and hand, [the plaintiff] was given lighter duties for a period of a month or more. However, the condition of the arm and hand became progressively worse and she was forced to terminate her employment in April 1957." Hearing Examiner's Decision, p. 2.

The medical reports indicate and the Hearing Examiner found that the plaintiff suffers from Chronic Sympathetic Reflex Dystrophy of the right hand, and that she complains of throbbing pain in the forearm and in the neck and shoulder, coldness of the right hand, stiffness, cyanosis and spasm of the forearm and hand which sometimes becomes severe and causes cramping of muscles. The dexterity and strength of her right arm and hand have undoubtedly been impaired; and while the plaintiff has not held a job since 1957, she is able to do and does do some light housekeeping tasks, such as dusting, vacuum cleaning and cooking.

While the plaintiff's present condition does affect her ability to hold jobs in many types of employment, the Hearing Examiner concluded that "inasmuch as [she] is still relatively young, has no disabling mental condition and has no other physical impairment which considered singly or in combination could be found severe enough to prevent all gainful activity," she could only be considered partially disabled. Hearing Examiner's Decision, p. 4.

The term "disability" is defined in Sections 216(i) (1) and 223(c) (2) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of a long-continued and indefinite duration."

This is a strict standard and the plaintiff clearly does not meet it. The rather extensive medical evidence supports without question the Hearing Examiner's finding as to the diagnosis of plaintiff's condition; and while the record indicates some disagreement with respect to the treatment recommended and the prognosis, the ultimate finding that the plaintiff is not unable "to engage in *any* substantial gainful activity" (emphasis added) is not only supported by all the evidence but correct as a matter of law. See Pearman v. Ribicoff, 307 F.2d 573 (4th Cir. 1962), cert. den. 371 U.S. 951, 83 S.Ct. 507, 9 L.Ed.2d 500 (1963); Thomas v. Celebrezze, 217 F.Supp. 694 (S.D.W.Va.1963); Hicks v. Flemming, 194 F.Supp. 369 (E.D.Ill.1961); Davis v. Flemming, 186 F.Supp. 79 (S.D.W.Va. 1960); and Bowling v. Flemming, 186 F.Supp. 421 (E.D.Tenn.1960).

The motion for summary judgment is allowed. Judgment may be entered for the defendant.